Jacksonville Traction Co. v. Pearl Seelbach

157 So. 509.
Division B.
Opinion Filed November 14, 1934.

*Austin Miller* and *Emmet Safay,* for Plaintiff in Error.
*John E. Teate* and *John A. Rush,* for Defendant in Error.

Per Curiam.—This is the second appearance of this case in this Court. See 106 Fla. 72, 141 Sou. 892. The case

was affirmed on its former appearance here upon condition of remittitur.

It is contended that the condition of affirmance was equivalent to a holding by this Court that the plaintiff could not recover more than $500.00. This position is not well taken. When a case is affirmed on condition that a remittitur be entered it simply means that the plaintiff may accept that condition or not, as the plaintiff is advised, and if the plaintiff declines to enter a remittitur the case then stands reversed because of excessive verdict and he may go before another jury in another trial, the trial to be *de novo* from start to finish, unless the appellate court by its order limits the future trial to the question of damages.

In this case the plaintiff declined to enter the remittitur. Another trial was had. There is no material difference in the evidence presented at the later trial and that which was presented at the first trial.

The plaintiff was injured in a collision between two street cars belonging to and operated by the same company. She alleged in her declaration that her injury was caused by the negligent operation of both street cars.

It is contended that there is a fatal variance between the allegations and proof because the evidence shows that the injury was caused by the negligent operation of only one of the street cars. We do not think there is any merit in this contention. The defendant was responsible for the operation of both street cars and it would be a travesty to say that it could avoid its liability by admitting or showing that the operation of one street car was negligent and the other was not so.

We find no reversible error in the matters of procedure nor in the action of the court in giving or refusing charges.

The record in the former case before this court showed that a verdict was rendered for $2,000.00 and judgment

entered thereon. The trial court declined to grant a new trial and did not require a remittitur.

In this case the jury again returned a verdict for $2000.00. The trial court denied a motion for new trial and did not require the entering of a remittitur.

We are not inclined to substitute our conclusion as to the extent of damages as against that of two juries and the trial judge when the records show that they have on two different trials under practically the same evidence, arrived at the conclusion that the plaintiff is entitled to recover damages in the sum of $2000.00.

The judgment should now be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS, J., concur in the opinion and judgment.

TERRELL, J., dissents.