CARROLL, DONALD K., Acting Chief Judge.
The defendant in a negligence action has appealed from a final judgment entered by the Escambia County Court of Record, based upon a jury verdict for the plaintiff.
The primary question presented for our determination in this appeal is whether there was sufficient evidence adduced at the trial to support the jury’s finding that the defendant was guilty of negligence proximately causing the plaintiff’s injuries.
The trial evidence showed the following facts pertinent to the present consideration:
The plaintiff, a truck driver, brought this action against the defendant, an electrical contractor, to recover for personal injuries allegedly caused by the negligence of the defendant and its employees in attempting to unload a large crate of electrical equipment from a semitrailer truck driven by the plaintiff.
The plaintiff had been employed for several years by a common carrier of freight as a truck driver and freight-handler. He operated a tractor-trailer unit with a closed van. The interior of this van was approximately 38 feet long, 8 feet wide, and 8 feet tall, with the bed of the van 4 feet above ground level.
On the date in question the plaintiff was assigned by the carrier to deliver freight to various consignees in Pensacola, including the defendant, which was engaged *790 in doing electrical wiring on a new building complex.
The crate, which the plaintiff delivered at the job site to the defendant as the consignee, had been loaded by the manufacturer. The crate contained an electrical control center weighing slightly more than 2,000 pounds and was approximately eight feet high, six feet wide, and two feet thick. The crate consisted of a wooden frame, with cardboard completely covering the equipment. The crate was standing upright about 20 feet from the rear of the van, with its width parallel to and against the side of the van.
When the plaintiff arrived at the job site, he was instructed by the defendant’s foreman to bring the van to the back of a building for unloading.
The plaintiff and the defendant’s employees were trying to remove the crate from the van by the use of pipe rollers. When the crate reached the rear door of the van, it was apparent that the pipe rollers would have to be removed by prizing up the crate in order to get the crate through the door. While the defendant’s employees were engaged in prizing up the crate, to remove the pipe, the crate overbalanced, tipped over, and fell upon the plaintiff, who was leaning against the side of the van. Later it was determined that the crate overbalanced because the control center contained therein was unusually top-heavy, although there was no outward indication of this condition.
Evidence stressed by the plaintiff in this appeal also showed that: the plaintiff ceased all participation in the unloading when the crate reached the back of the truck, before the defendant’s employees undertook to prize up the crate and remove the pipes. Because of their experience, the defendant’s foreman and other employees knew that the crate would topple over if it was tilted or put off balance; the said employees did not remove the cardboard covering the equipment in order to determine whether there was any unusual displacement of weight in the crate. The defendant had ordered the equipment by subcontract specifications and knew that the machine could be of varying design and possibly of great weight, the foreman knowing that the equipment weighed in excess of 2,000 pounds; and no support by ropes or cables was provided for the crate after it reached the rear of the van, although these items were readily accessible.
Through several procedures available to him the defendant has raised the question of the sufficiency of the evidence to sustain the verdict — through a motion for directed verdict at the close of the plaintiff’s case and at the close of all the evidence, a motion for a judgment notwithstanding the verdict, and a motion for new trial. All of these motions were denied by the trial court.
This case presents an almost classic example of the difficulty in drawing the line between the function of the jury in determining questions of fact in an action at law and the power of the court (trial or appellate) to determine whether the evidence adduced at the trial reasonably supports the jury’s determination as to those questions. Both of those functions, properly executed, are indispensable to the administration of justice under our court system.
In the case at bar the evidence is, we think, reasonably susceptible to conflicting inferences on the issues of the defendant’s negligence and the plaintiff’s contributory negligence. The jury here necessarily found from the evidence that the defendant was guilty of negligence proximately causing the plaintiff’s injuries and that the plaintiff was not guilty of negligence proximately contributing to his injuries. We cannot say that such findings of fact are not legally supported by the evidence, even though we recognize that other inferences might also be reasonably deducible from the evidence.
*791 Our conclusion is supported by the rule firmly established in this state that in actions at law questions of negligence and contributory negligence should ordinarily be submitted to the jury for its determination. The rule is firmly established in Florida that “what is and what is not negligence in a particular case is generally a question for the jury and not for the court. It is always a question for the jury when the measure of duty is ordinary and reasonable care.” Weis-Patterson Lumber Co. v. King, 131 Fla. 342, 177 So. 313 (1937).
Another contention made by the appellant in this appeal is that, in the above evidentiary situation and at the time he suffered his injuries, the plaintiff was a “special employee” of the defendant and hence his exclusive remedy against the defendant was for benefits under the Florida Workmen’s Compensation Law. This contention is based primarily upon a federal motor freight regulation that provides that a consignee shall perform the unloading of heavy or bulky articles, except that, at the request of the consignor or consignee, “the truck driver will assist the consignor or consignee in loading or unloading.” This contention also invokes Section 440.11, Florida Statutes, F.S.A., providing that the employer’s liability under the Workmen’s Compensation Law shall be exclusive and in place of all other liability of the employer to the employee.
It seems to us, however, that, even though the defendant had the primary responsibility to unload the truck, that fact does not necessarily make the plaintiff an employee of the defendant and entitled to workmen’s compensation benefits against the defendant. Such entitlement accrues only when the plaintiff is an employee of the defendant within the terms of the Workmen’s Compensation Law of Florida —Chapter 440, Florida Statutes, F.S.A.
In the Florida Workmen’s Compensation Law “employment” is defined as “any service performed by an employee for the person employing him.” (Sec. 440.02(1), Florida Statutes, F.S.A.) “Employee” means “every person engaged in any employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written * * (Sec. 440.02(2).) The term “employee” does not mean independent contractors or persons whose employment is both casual and not in the course of the trade, business, or occupation of the employer. (Sec. 440.02 (2)0
The foregoing statutory definitions of employment under the Workmen’s Compensation Law do not, in our opinion, fit the relationship between the defendant and the plaintiff -at the time of his injuries. There was certainly no employment contract of any kind between them, express or implied, oral or written. In essence, .all the plaintiff did was to lend a hand in moving the crate to the door of the van. While he may have had no legal duty to help in this way, this unloading was in reality incidental to his complete delivery of the crate and he was, of course, interested in seeing that the unloading was accomplished. In helping he was not under the defendant’s control- — control being a recognized indicium of employment.
Finally on this subject, if the plaintiff, by his act of momentarily helping move the crate, should be held to have forfeited his right to sue the defendant for negligence and to be restricted to workmen’s compensation benefits, the great beneficient purpose of the Florida Workmen’s Compensation Law would be thwarted, and the operations of that Law would be made more difficult.
In its appellate brief the defendant cites and relies heavily upon the decision of the District Court of Appeal, Third District of Florida, in Wajay Bakery, Inc. v. Carolina Freight Carriers Corporation, 177 So.2d 544 (1965) in support of its contention that an employee of a common carrier engaged in interstate commerce in fulfilling his obligations under the above- *792 mentioned federal regulation, and in aiding the employees of a consignee in unloading bulky cargo is, as a matter of law, the servant or “special employee” of the consignee. Our sister court held therein that, under such circumstances, the common carrier was not liable for any negligence in unloading certain machinery. We do not quarrel with such holding, but think it is not relevant in the present consideration because in that case the issue was whether, in unloading the machinery, the carrier’s driver was its employee, while in the case at bar the issue is whether the driver was the defendant-consignee’s employee — as defined in the Florida Workmen’s Compensation Law. Even if the said rule were applicable here, it provides, as quoted above, that, on the consignor’s or consignee’s request, the truck driver will assist the consignor or consignee in loading or unloading. The informal request made in the case at bar probably does not qualify as the request contemplated by the rule, but, even if it did, that fact would only strengthen the view that the plaintiff was the employee of the common carrier rather than of the defendant-consignee. Only if the plaintiff-driver is the defendant’s employee under the terms of that Law is the plaintiff restricted to workmen’s compensation benefits against the defendant. We have above set forth our conclusion that under the Florida Workmen’s Compensation Law the plaintiff does not qualify as such an employee.
Other contentions made by the defendant in this appeal have been considered and found to lack substantial merit.
Accordingly, the final judgment appealed from herein should be and it is
Affirmed.
JOHNSON, J., concurs.
RAWLS, J., dissents.