297 So.2d 619 (1974)
DURA CORPORATION, a Foreign Corporation Organized and Licensed to Do Business in the State of Florida, Appellant,
v.
Willie WALLACE and William Diaz, Appellees.
Nos. 73-996, 73-997 and 73-1005.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Rehearings Denied August 9, 1974.
*620 Adams, George, Wood, Schulte & Thompson, Jeanne Heyward, James G. Etheredge, Miami, for appellant.
Horton & Perse, Fred O. Pasternack, Corlett, Merritt, Killian & Mascaro and Robyn Greene, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HAVERFIELD, JJ.
BARKDULL, Chief Judge.
This cause of action was commenced in the trial court by the appellee, William Wallace, filing a complaint sounding in tort against Dura Corporation as the manufacturer of a lawn mower, alleging negligence in design, and against the owner of the mower, the appellant William Diaz.
The action arose out of injuries sustained by the plaintiff when stones were thrown into his eye by a lawn mower manufactured by Dura and owned and operated by Diaz' son. The record on appeal reveals that on September 16, 1970 plaintiff, Wallace, was using a blower to clean a driveway in a yard on which he was working. Ricky Diaz, the son of defendant, William Diaz, was operating a lawn mower in his yard about 30 to 40 feet away from the plaintiff. Plaintiff heard a noise and turned his head toward the noise and plaintiff, who was wearing glasses, was struck in the left eye by a rock a little smaller than an egg, which broke his left eyeglass and exploded fragments of glass into his left eye. The plaintiff filed the instant action to recover damages for injuries to his eye against William Diaz, the owner of the mower, alleging negligent maintenance and operation of the mower, and against Dura Corporation, the *621 manufacturer, alleging negligence and/or breach of warranty. Diaz cross-claimed, as the owner of the mower, against Dura, the manufacturer, contending that if he [Diaz] was negligent his negligence was merely passive and that Dura, as the manufacturer of the machine, was guilty of active negligence; therefore, Diaz was entitled to common law indemnity.
Considerable evidence was adduced by all the parties as to how the accident occurred; expert testimony was offered as to the design. Following extensive instructions, the jury retired and returned a verdict for the plaintiff against all the defendants in the sum of $50,000.00 and returned a verdict for Diaz on his cross-claim against Dura Corporation. Final judgment was entered on the verdicts. Dura and Diaz filed post trial motions for judgment in accordance with the motion for directed verdict, new trial, and remittitur. The court denied defendants' motions for directed verdict and new trial, but granted defendants' motions for remittitur, and amended the final judgment to $42,000.00 for plaintiff without assigning any ground therefor. Defendants now appeal the final judgments. Thereafter, these appeals ensued and were subsequently consolidated.
The appellant, Dura, makes several contentions. We find all to be without merit, save and except that point which urges that the trial judge erred in instructing the jury that they could find against both defendants on plaintiff's original action and in favor of the cross-plaintiff, Diaz, on his cross-claim against Dura. This instruction we find to be in error, and reverse the final judgment on the verdict rendered on the cross-claim finding that, under the jury's verdict as returned on the original action, Diaz was vicariously liable as an active tortfeasor and, therefore, he would not be entitled to common law indemnification against Dura, the manufacturer of the mower. Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45; Florida Power & Light Company v. General Safety Equipment Company, Fla.App. 1968, 213 So.2d 486; General Motors Corporation v. County of Dade, Fla.App. 1973, 272 So.2d 192; Hussey Manufacturing Co. v. City of Miami Beach, Fla.App. 1974, 290 So.2d 79.
The appeal of the appellant, Diaz, seeks reversal urging that he was entitled to a directed verdict. We find this point to be without merit; it was a jury issue as to the manner in which his son operated the mower. Gresham v. Courson, Fla. App. 1965, 177 So.2d 33; Williams v. Hutson, Fla.App. 1966, 186 So.2d 558; Greer v. Thweatt, Fla.App. 1967, 202 So.2d 574; Acme Electric, Inc. v. Travis, Fla.App. 1969, 218 So.2d 788.
The original plaintiff, Wallace, has cross-assigned error in the trial judge's reduction of the original verdict from $50,000.00, on the post trial motions, to $42,000.00. This order, requiring the remittitur, was not in the alternative permitting the plaintiff to elect to accept the remittitur or suffer a new trial. The order was also silent as to the grounds of the motion although, obviously, the trial judge considered the verdict to be excessive. We find merit in this position of the plaintiff. A trial judge is not permitted to reduce the verdict of a jury by ordering a remittitur, without permitting the plaintiff to have the option of a new trial. Jacksonville Traction Co. v. Seelbach, 117 Fla. 233, 157 So. 509; Bach v. Miami Transit Company, Fla.App. 1961, 129 So.2d 706; 58 Am.Jur.2d, New Trial, § 224; Anno. 53 A.L.R. 779; 95 A.L.R. 1164. Further, it has long been established that a trial judge, upon the entry of an order granting a new trial, is required to set his ground or grounds for granting such in said order. Hall v. American Distributing Corp., Fla.App. 1966, 181 So.2d 711; Travelers Indemnity Company v. Mary Boutique, Inc., Fla.App. 1967, 198 So.2d 343; Adkins v. Burdeshaw, Fla.App. 1969, 220 So.2d 39; Rule 1.530(f) R.C.P., 31 F.S.A.
*622 Therefore, for the reasons above stated, the order directing the remittitur be and the same is hereby vacated and set aside and the original final judgment in favor of the plaintiff, Wallace, in the amount of $50,000.00 is reestablished; and the trial judge is directed to enter an order directing a verdict for Dura on the cross-claim against it by Diaz, notwithstanding the jury's verdict on his cross-claim and the final judgment thereon.
Reversed and remanded, with directions.