OWEN, Chief Judge.
Initially we had dismissed this appeal on the authority of our decision in Clement v. Aztec Sales, Inc., Fla.App. 1973, 283 So.2d 68 (rev’d, Fla.1974, 297 So.2d 1). The Florida Supreme Court granted certiorari and quashed our decision, remanding the cause with directions to consider the appeal on the merits. Willyerd v. Anderson, Fla. 1974, 302 So.2d 750.
In September 1971 appellant/plaintiff, James Willyerd, filed suit against the appellees/defendants, Andy Anderson and Lila J. Stevens, also known as L. J. Anderson, for replevin and both compensatory and punitive damages. Process was duly served on the defendants. Stevens filed an answer. However, Anderson who was served with process on September 29, 1971, failed to file an answer or responsive pleading as required by Rule 1.140, R.C.P., and on November 9, 1971 the plaintiff caused the clerk of the circuit court to enter a default against Anderson.
Trial at which both defendants appeared was held on May 8, 1972. At the close of all the evidence the trial court directed a verdict against the defendant Stevens as to liability. The jury verdict awarded plaintiff possession of certain personal property or its value, and additionally assessed compensatory damages jointly and severally against the defendants in the amount of $14,400, and punitive damages in the sum of $45,000 against Anderson and $5,000 against Stevens.
On May 12, 1972 defendant Anderson filed his motion to set aside default, verdict and final judgment and also a motion for remittitur. A motion for a new trial and in the alternative, a motion for a judgment notwithstanding the verdict, was timely filed by Anderson a few days later. Defendant Stevens filed a motion for remit-titur. After a hearing on these post-trial motions, the trial court entered its order which is here appealed. Finding that the default had been improperly entered by the clerk against the defendant Anderson, the order vacated and set aside the default and the jury verdict (no final judgment having been entered) and granted defendant Anderson’s motion for new trial on the grounds (1) that the default having been improperly entered Anderson had been denied a trial on the issue of liability, and (2) that the verdict for compensatory and punitive damages shocked the judicial conscience of the court. Upon its own motion the court also granted a new trial to defendant Stevens for the same reasons.
The default against Anderson was not improperly entered by the clerk, and hence it was error for the trial court to vacate and set aside the default judgment. On November 9, 1971, forty-one days after service of process upon Anderson, he had not served upon plaintiff’s counsel a copy of an answer or written defenses to the complaint (despite the requirements of the summons that same be done within twenty days from the date of service), nor had Anderson filed such with the clerk of the court. On that date plaintiff’s counsel filed a motion requesting the clerk to enter a default against the defendant Anderson *506 “for failure to file written answer or defenses to the complaint filed herein by plaintiff within twenty days from the date of service of said complaint”. The sole basis upon which the trial court vacated the default was its finding that this motion did not provide a proper basis for the clerk to enter a default because the motion omitted to also allege the defendant’s failure to serve a copy of written answer or defenses prior thereto. In this respect the court misconstrued the teaching of Gilmer v. Rubin, Fla.App.1957, 98 So.2d 367, Pan American World Airways, Inc. v. Gregory, Fla.App.1957, 96 So.2d 669, and like cases.
A defendant personally served with process is required to serve plaintiff with a copy of his answer or written defenses within twenty days after service. He is also required to immediately before or immediately thereafter file the original of such answer or written defenses with the clerk of the court. Service may be made by mailing and when this method is used, service is complete upon mailing. Thus, in practice, it is not unusual for a defendant’s answer or written defenses to be served by mail on the twentieth day after service of process while the original of such pleading is not actually filed in the office of the clerk until a day or two later because it also may have been sent by mail. This is what occurred in the case of Gilmer v. Rubin, supra, and it was there held that the default, entered because the pleading was not filed with the clerk on or before the twentieth day after service of process, was improper where a copy of the pleading was timely served by mail. This also was the factual situation in the case of Mo-Con Properties, Inc. v. American Mechanical, Inc., Fla.App.1974, 289 So.2d 744, in which it was held that a default entered by the clerk on the twenty-first day was improperly entered when the defendant had timely served plaintiff’s counsel by mail on the twentieth day.
it is true that the better practice in all cases would be for plaintiff’s counsel, seeking the entry of a default judgment, to certify in his motion for default that up to the time of the filing of such motion, the same being more than twenty days after service of process, the defaulting defendant has neither filed with the clerk an answer or other written defenses to the complaint nor served copy thereof upon plaintiff’s counsel. This would more nearly follow the teaching of Pan American World Airways v. Gregory, supra, where the court held that a default should have been set aside when the defendant, having timely served a copy of the answer upon plaintiff’s counsel, had failed to file the original with the clerk of the state court but had filed it with the clerk of the federal court to which the action had been earlier removed. But even a certificate with all this preciseness has an inherent imperfection because, while it may truthfully state that plaintiff’s counsel has not then received a copy of the defendant’s answer or written defenses, and it also may accurately reflect the fact that as of that time the original thereof has not been filed with the clerk, such certificate might be factually incorrect nonetheless if the defendant had, on the day preceding, served plaintiff’s counsel by mail which was delayed in delivery.
It is th,us apparent that the practical solution is simply this: When plaintiff’s counsel seeks to have a default judgment entered under Rule 1.500(a), R.C.P., his motion for default judgment should be deemed his certificate as an officer of the court that to the best of his knowledge the defendant against whom the default is sought has neither filed nor served any paper in the action. If a default judgment is entered pursuant thereto, and thereafter the defendant shows to the satisfaction of the court that it was erroneously entered because prior to the entry of the default the defendant in fact had served or filed an answer or written defense to the complaint, the default should be vacated and set aside.
In the instant case, defendant Anderson had neither filed nor served an *507 swer or written defenses to the complaint, at or before the time the default judgment was entered on November 9, 1971. Thus, the fact that plaintiff’s motion failed to allege defendant’s failure to serve a copy of the answer or written defenses prior to that date, when in fact defendant Anderson had failed to serve plaintiff’s counsel, did not cause the entry of the default to be erroneous, as was the case in the Gilmer, Mo-Con Properties and Pan American World Airways cases, supra. In fact, for six months thereafter, defendant Anderson, although aware that he was a party to the litigation, made no effort to file or serve any pleadings or have the default judgment set aside. While default was never intended to furnish an advantage to the plaintiff so that a defense may be defeated, it certainly is intended as a means of preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. Coggin v. Barfield, 1942, 150 Fla. 551, 8 So.2d 9. A default against defendant Anderson was most fitting in this case, it was properly entered by the clerk, and it was error for the court to vacate it.
A verdict which the trial judge finds to be so excessive as to shock the judicial conscience may be set aside and a new trial granted. Bennett v. Jacksonville Expressway Authority, Fla.1961, 131 So.2d 740; 23 Fla.Jur., New Trial § 59. However, it is generally recognized that the better and established practice in cases where some legal liability is shown by the record, yet the court cannot justifiably uphold the amount of damages awarded by the jury, is to conditionally grant a new trial unless within a day fixed by the court plaintiff shall consent to such remittitur as may be determined by the court, in which event the new trial is to be denied. See: Love Realty Corp. v. O’Brien, Fla.App. 1964, 162 So.2d 532.
This cause is remanded to the trial court with directions that the able trial judge enter an appropriate remittitur on the compensatory and punitive damages and if accepted by the plaintiff to enter judgment in his favor for the property or its value and the amount of the compensatory and punitive damages, if any, set in the order of remittitur. If in the opinion of the trial judge, it should be impossible for him to fix and determine a proper amount of remittitur, then he is directed to grant a new trial as to the defendant Anderson on the issue of damages only and as to the defendant Stevens on all issues. See: Bartholf v. Baker, Fla.1954, 71 So.2d 480, and Smith v. Goodpasture, Fla.App. 1965, 179 So.2d 240.
It is so ordered.
CROSS, J., and SHOLTS, THOMAS E., Associate Judge, concur.