MOE, LEROY H., Associate Judge.
This is an appeal from an order vacating a judgment for the plaintiff-appellant entered pursuant to a jury verdict. The jury awarded damages to the appellant in the amount of $130,000.00 and damages to the defendant-appellee on its counterclaim in the amount of $55,621.00, resulting in an original judgment for the appellant in the amount of $74,379.00
The order being appealed caused the appellant to suffer a remittitur in the amount of $120,100.00, entered a new judgment for the appellee in the amount of $45,721.00 ($55,621.00 — $9,900.00), and awarded costs to the appellee in the amount of $650.00. However, the order being appealed did not give the appellant the option of accepting the remittitur and new judgment or granting him a new trial.
This cause of action was commenced in the trial court by the appellant, G. Curtis Stuart, filing a three-count complaint against the appellee, Cather Industries, Inc. *100 The first two counts were based on a clain that Cather had agreed to pay withholding and F.I.C.A. wages on Stuart’s behalf and had failed to do so. The third count was a claim for damages from lost profits on various jobs that Stuart claimed that Cather agreed to pay it, but later repudiated. Cather filed a counterclaim seeking damages for overpayments made to Stuart for work done on jobs which Cather and Stuart performed together.
Ultimately, trial was held before a jury which reached a verdict on the complaint and counterclaim in the amounts mentioned above.
The appellee filed a motion for a judgment in accordance with his motion for a directed verdict, or in the alternative a motion for a new trial, and the trial court entered the order now being appealed. The order vacating the original judgment stated that the judgment was clearly erroneous because the jury verdict was contrary to the evidence, contrary to the weight of evidence, and shocked the judicial conscience of the court.
The appellant argues two points on appeal. The first point alleges that there was sufficient evidence to sustain the jury verdict and original judgment entered thereon. The second point attacks the validity of the trial court ordering a remitti-tur without permitting the appellant to have the option of a new trial.
We find merit in the second point raised by the appellant. We agree with and adhere to the rule of law set forth in the case of Dura Corporation v. Wallace, 297 So.2d 619 (Fla.App.1974). In that case the court held (page 621):
“. . .A trial judge is not permitted to reduce the verdict of a jury by ordering a remittitur, without permitting the plaintiff to have the option of a new trial. . . .” (Citations omitted)
The appellee does not disagree with the holding quoted above, but attempts to distinguish this case from Dura v. Wallace, supra, on the facts in the case. However, the attempt falls short of the mark.
Therefore, the order appealed entitled "Order Vacating Judgment and Entering New Judgment,” is vacated and set aside and this cause is remanded to the trial court with directions to allow the plaintiff to accept the provisions of that order, or in the alternative, be granted a new trial on the issues of damages.
Since this opinion is dispositive of this case, it is not necessary at this time to consider the appellant’s first point on appeal and we therefore decline to do so.
Reversed and remanded with directions.
WALDEN, C. J., and MAGER, J., concur.