357 So.2d 1038 (1978)
Debbie BURLESON and Monica French, Appellants/Cross Appellees,
v.
Donald J. STARK and International Land Sales, Inc., Appellees/Cross Appellants.
No. 76-2732.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Rehearing Denied May 23, 1978.
Philip M. Warren of Sullivan, Cochran, Ranaghan, Bailey & Gleason, P.A., Pompano Beach, for appellants.
Neil J. LaHurd and H. Mark Purdy of Parkhurst, LaHurd & Purdy, Fort Lauderdale, for appellee International Land Sales, Inc.
Roger D. Haagenson, Fort Lauderdale, for appellee Donald J. Stark.
MOORE, Judge.
Appellants, plaintiffs below, were awarded damages by the jury as follows: Debbie Burleson was awarded $5,000.00 compensatory damages plus $1,000.00 punitive damages; and Monica French was awarded *1039 $40,000.00 compensatory damages plus $1,000.00 punitive damages. Without providing appellants with the alternative of a new trial, the trial court granted appellees' motion for remittitur, thereby reducing the appellants' awards for compensatory damages to $2,000.00 and $6,000.00, respectively. The punitive damage awards were not disturbed.
Appellants contend that the trial court erred in granting the motion for remittitur because the jury awards were not so excessive as to shock the judicial conscience, and because they were not afforded the alternative of accepting a new trial. On cross appeal, appellee Stark contends that erroneous evidentiary rulings by the trial court entitle him to a new trial. On another cross appeal, appellee International Land Sales, Inc. contends that its motion for a directed verdict should have been granted.
International Land Sales, Inc. is a corporation which was organized by two individuals "to get involved in real estate." Needing a real estate broker in order to be able to buy and sell land, International hired appellee Stark as a vice president. When the purpose for which International Land Sales, Inc. was organized was not realized, the corporation became inactive and liquidated its assets. Prior to that, however, 25% of all real estate commissions were deposited to the credit of the corporation.
During the period of International's inactivity, appellee Stark agreed with Maccari Construction Company to attempt to rent some of its unsold condominium units. The evidence is unclear as to whether or not real estate commissions from such rentals, or any part thereof, were deposited to the credit of International. Through Stark, the plaintiffs had rented one of the condominium units owned by Maccari. On April 30, 1975, at approximately 2:00 A.M., Stark entered the plaintiffs' apartment with a passkey given to him by Maccari, in an intoxicated state, supposedly for the purpose of collecting rent. He thereupon entered the plaintiffs' bedroom, made sexual advances toward each of the plaintiffs, and physically struck each of them.
Initially, we hold that the trial court erred in granting the motion for remittitur. A verdict may be set aside by the trial court only when it is so excessive as to shock the judicial conscience. Willyerd v. Anderson, 312 So.2d 504 (Fla. 4th DCA 1975); 23 Fla.Jur., "New Trial," § 59. While a detailed review of the evidence would serve no useful purpose, we would point out that there was testimony that Monica French would incur over $24,000.00 in future medical expenses for necessary psychiatric care. Furthermore, she lost wages in the amount of $3,800.00, was forced to take a new job at a lower salary, and incurred medical bills totalling $550.00. While the verdict may be somewhat excessive, it can hardly be deemed shocking to the judicial conscience. Similarly, although Debbie Burleson's medical expenses, lost wages and miscellaneous damages were minimal, we cannot find the jury award shocking to the judicial conscience.
The remittitur was also improper because the trial court failed to give the appellants the alternative of accepting the remittitur or proceeding with a new trial. The courts of this state have continually held that "[a] trial judge is not permitted to reduce the verdict of a jury by ordering a remittitur, without permitting the plaintiff to have the option of a new trial." Dura Corp. v. Wallace, 297 So.2d 619, 621 (Fla. 3d DCA 1974); see also, Willyerd, supra.
With respect to International's cross appeal, we hold that the trial court erred by not granting International's motion for directed verdict. International can be vicariously liable for Stark's actions only if those actions were performed within the scope of Stark's employment by International. In discussing the phrase "scope of employment", the Second District recently said:
"An employee's conduct is within the scope of his employment only if it is the kind he is employed to perform, it occurs substantially within the time and space limits of the employment and it is activated at least in part by a purpose to serve the master. The convenient test is *1040 whether the employee was doing what his employment contemplated." Morrison Motor Co. v. Manheim Services Corp., 346 So.2d 102, 104 (Fla. 2d DCA 1977).
The scope of one's employment is certainly limited by time parameters. In the absence of express directions by the employer, it is totally inconceivable that an employment relation could contemplate an attempt to collect rent at 2:00 A.M. It is also incomprehensible how the scope of employment could include such an unlawful entry into another's dwelling and the resultant acts incident thereto as occurred in this case. As Mr. Stark's actions were clearly not within the scope of his employment, the jury should not have been submitted the issue of vicarious liability and International's motion for directed verdict should have been granted.
Finally, we have reviewed the points raised in Stark's cross appeal and have determined that they are without merit.
Having determined that it was error for the trial court to enter its order granting remittitur, this cause is REVERSED and REMANDED with instructions to the trial court to reinstate the jury verdicts, to enter final judgments for appellants and against appellee Stark in accordance with said verdicts, and to enter judgment for International in accordance with its motion for directed verdict.
REVERSED and REMANDED.
ALDERMAN, C.J. and LETTS, J., concur.