McCORD, Acting Chief Judge.
This appeal is from a final judgment in appellants’ favor based upon a jury verdict. The verdict assessed damages in favor of appellants and against appellees and found that appellant, Betty McCray, did not sustain permanent injury as a result of the automobile accident involving her and ap-pellee, Phyllis Baucom. At the close of the evidence, the trial court denied appellants’ motion for directed verdict in favor of Mrs. McCray as to permanent injury. Subsequent to the jury verdict, however, the trial court granted appellants’ Motion for Judgment Notwithstanding the Verdict in favor of Mrs. McCray as to permanent injury and denied appellants’ motion for a new trial. Appellants contend that the trial court erred in not awarding a new trial on the issue of damages after having granted Judgment Notwithstanding the Verdict on the permanency of Mrs. McCray’s injury in that a new trial is required to incorporate into the verdict additional damages for permanent injury. Appellees argue that denial of appellants’ motion for new trial was not error and contend on cross-appeal that the grant of Judgment Notwithstanding the Verdict was error. We agree with appel-lees’ cross-appeal contention and reverse.
The only question involved on appellants’ motions for Judgment Notwithstanding the Verdict and for new trial relates to the evidence presented as to permanency of Mrs. McCray’s injuries. Consideration of the testimony of several expert witnesses who testified reveals a conflict. A chiropractor who treated her testified that she had reached maximum medical improvement and had a 5% total body impairment. An M.D. surgeon (specializing in family practice and geriatrics) testified that she had reached maximum medical improvement and had sustained a 3% permanent impairment. An M.D. orthopedic surgeon, who saw appellant one time, testified that she reached maximum medical improvement and had a 3% permanent impairment. On the other hand, an M.D. neurologist testified that Mrs. McCray had not reached maximum medical improvement at the time he examined her and that a sprain such as hers will usually disappear in time. He referred Mrs. McCray to a Ph.D. clinical psychologist at the Shands Teaching Hospital at the University of Florida. She performed tests on Mrs. McCray and found a substantial amount of tenseness and tightness in the neck area. She prescribed “biofeedback” treatments, which she testified had an extremely high success rate and stated that Mrs. McCray had missed many of the treatment sessions and, thus, had not yet benefitted from such treatments. She further testified that Mrs. McCray’s job could be stressful enough to her to cause the tenseness and other symptoms which she had.
*1079 The jury could have accepted the testimony of the experts who were of the opinion that she had reached maximum improvement and had a resulting permanent disability or they could have accepted the testimony of other experts and found that she had not reached maximum improvement since she had not completed the “bio-feedback” treatments, and, thus, she had not established that she had permanent injury.
The Supreme Court in Stirling v. Sapp, 229 So.2d 850 (Fla.1969), said:
“Motions for judgment notwithstanding verdict, like motions for directed verdict, should be resolved with extreme caution since the granting thereof holds that one side of the case is essentially devoid of probative evidence. The trial judge is authorized to grant such motion only if there is no evidence or reasonable inferences to support the opposing position. Hendricks v. Dailey, 208 So.2d 101 (Fla.1968). The rules governing motions for judgments notwithstanding the verdict are substantially the same as those which guide the disposition of a motion for directed verdict. This Court in Nelson v. Ziegler, 89 So.2d 780 (Fla.1956) said:
‘A party moving for a directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence.’ ”
Since there was evidence to support the jury’s verdict, it was error to grant appellant’s motion for Judgment Notwithstanding the Verdict.
We have considered appellants’ remaining contention relative to the trial court’s grant of a setoff for personal injury protection benefits paid to appellants and find no error.
Reversed with directions to vacate the final judgment and to enter final judgment conforming to the jury verdict.
LARRY G. SMITH, J., and MELVIN, WOODROW M., Associate Judge, concur.