393 So.2d 580 (1981)
ELLER AND COMPANY, INC., and Midland Insurance CO., Appellants,
v.
Ralph Huey MORGAN and Central Truck Lines, Inc., Appellees.
No. TT-93.
District Court of Appeal of Florida, First District.
January 20, 1981.
Rehearing Denied February 25, 1981.
Carle A. Felton, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellants.
Tom C. Meers, Philip A. Webb, III, and L. Vincent Burrell, Jacksonville, for appellees.
*581 WENTWORTH, Judge.
Appellant Eller and Company loaded marble on Central's truck in Tampa for shipment to Custom Art Furniture in Jacksonville. Custom's employee Morgan was hurt when the marble fell on him during unloading ten days later, and he sued Eller and Central. After Central paid $125,000 to Morgan in settlement of this claim, Eller filed a third party complaint against Central for indemnity. Eller appeals the resulting judgment in favor of Morgan for $150,000 (a $275,000 jury award less the $125,000 set-off paid Morgan by Central) and also appeals the denial of indemnity against Central. Morgan cross-appeals the set-off. We affirm.
Eller argues the court erred (1) in denying motion for directed verdict in favor of Eller and against Morgan; (2) in permitting response to a hypothetical question; (3) in denying motion for directed verdict on the indemnity claim against Central; and (4) in refusing a requested jury instruction relating to indemnity.
Upon review of the record we find no error as to the first and second stated issues. The load remained in the truck until delivery and at the time of the accident the crate which fell on Morgan was still secured. Although there was conflicting evidence as to responsibility for and execution of loading procedures, the motion by Eller for directed verdict on Morgan's claim was properly denied based on reasonable inferences from evidence against Eller necessarily taken as true for purposes of such motion. Coca-Cola Bottling Co. v. Clark, 299 So.2d 78 (Fla. 1st DCA 1974); Acme Electric, Inc. v. Travis, 218 So.2d 788 (Fla. 1st DCA 1969). The objection to the hypothetical question, relating to proper loading precluding the accident, was based on alleged lack of facts in evidence to support the question. The record evidence supports the ruling on the objection.
As to point three, we conclude the motions for directed verdict and for judgment notwithstanding the verdict on the indemnity claim were properly denied, based on our study of the evidence in light of provisions of § 392.9, Federal Motor Carrier's Safety Regulations, and the National Motor Freight Classification tariff introduced and relied on by the parties. Upon the conflicting evidence presented by the parties as to the manner and responsibility for loading and transport, neither provision is so definitive as to compel a conclusion on the issues as a matter of law.
Eller's final contention concerns the rejection of a requested jury instruction on the indemnity claim. Our review of the court's instructions on this claim indicates a clear and correct recitation of the law. No abuse of discretion is shown in the ruling on this point.
Morgan's cross-appeal challenges the trial court's application of the following statute to diminish the amount of Morgan's verdict against Eller by the amount of Morgan's settlement with Central prior to trial, since Morgan's claim was against both Eller and Central:
768.31 Contribution among tortfeasors. 
.....
(5) RELEASE ... When a release ... is given in good faith to one of two or more persons liable in tort for the same injury ... (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
Eller defends the set-off based on the fact that, prior to the trial in this action, both Eller and Central Truck were defendants in the claims of Morgan. The Morgans settled with Central Truck for $125,000. Thus, Central Truck was discharged from any liability to the Morgans, and, by virtue of Florida Statutes § 768.31(5)(b), from any liability to Eller for contribution. Seaboard *582 v. Gordan, 328 So.2d 206 (Fla. 1st DCA 1976). However, under § 768.31(5)(a), any verdict which Morgan received against Eller is reduced by the amount of the settlement with Central Truck. It should be noted that the settlement did not bar Eller's claim for indemnity against Central Truck and it was Eller's indemnity claim on which the jury denied recovery, so there was no need for the jury to apportion the degree of fault. The release was timely brought to the court's attention prior to trial and all parties agreed that the release should not be made known to the jury.
We conclude the trial court was correct in its order on this question:
It is the contention of plaintiff Morgan that any such reduction would amount to a contribution among tortfeasors. By virtue of the jury's verdict in defendant Eller's case against Central, Eller was found to be actively guilty of negligence and there can be no contribution among active tortfeasors. Plaintiff Morgan further contends that no evidence of the $125,000 was introduced as evidence, so therefore the Court has no authority to offset.
As background, as part of a pretrial compliance, the $125,000 release was made known to the Court. Counsel for all three parties agreed that in order to insulate the jury from any possible influence that this release might have, it would not be made known to the jury. The case would be bifurcated. All testimony in the trial of plaintiff Morgan against defendant Eller would be considered by the same jury in the trial of the case of Eller against third party defendant Central. It was also the Court's understanding based upon the agreement of the parties, that following a verdict and depending upon the verdict, there would be a supplemental hearing before the Court to determine other matters affecting the judgment, ... . The possible reduction per F.S. 768.31(5) was not discussed specifically, but the Court is of the opinion that it was not excluded by the pre-trial understanding.
The language of Section 5 is very plain and clear. This section mandates that defendant Eller be given credit for the full $125,000 consideration paid by defendant Central to plaintiff Morgan to reduce the jury verdict of $275,000.
The judgment is accordingly affirmed. The appellee Morgan's motion to strike appellant's letter transmitting a record excerpt, after argument in this cause, is denied.
MILLS, Chief Judge, and McCORD, J., Concur.