GLICKSTEIN, Judge.
This is an appeal from a non-final order, denying appellant’s motion to set aside a default. We reverse and remand.
On June 11, 1983, appellee Cynthia Sied-lecki ate raw clams at Tark’s restaurant and allegedly took sick, with resulting hospitalization and medical treatment. On August 9, 1983, Mrs. Siedlecki’s lawyer notified Tark Enterprises, Inc., of her claim for personal injuries. Tark contacted its insur *1182 er, Insurance Technicians, Inc.; and the insurer’s adjuster, Ms. Joan McCammon, contacted Mrs. Siedlecki’s attorney.
Mrs. Siedlecki’s complaint was filed February 2, 1984. The insurer’s adjuster requested an extension to answer the complaint, thinking a settlement was imminent. Plaintiff’s attorney, by letter of March 13, 1984, confirmed that he had agreed to a twenty day extension to answer the complaint. The content of the letter indicates the twenty days had already elapsed. At some point, Ms. McCammon made a $6500 settlement offer, which was rejected by a March 21,1984, letter from plaintiff’s counsel, which letter states apropos the as yet unanswered complaint:
As-1 have extended your time to answer the complaint and that extension has also been extended, I would appreciate if you would have your counsel answer the complaint in this matter so we can move on with our litigation.
On April 11,1984, plaintiff’s counsel filed a motion for entry of a default against Tark for failure to answer, and the clerk entered the default on April 16, 1984. Tark’s (or apparently, really the insurer’s) attorney received the case file from Ms. McCammon and learned of the lawsuit only after the default was entered, on April 19, 1984. At that point, the defendant filed a motion to vacate the default, claiming inadvertence or excusable neglect on the part of the adjusting company and stating there was a meritorious defense in that the cause of plaintiff's illness was in dispute. This motion was accompanied by an affidavit from Ms. McCammon in which she spoke of the extensions, which she had taken to be indefinite, and stated that she had inadvertently failed to forward the file to the attorneys so they were unable to answer. At the four-minute hearing held May 18, 1984, on the motion to vacate the default, the court refused to hear argument, and summarily denied the motion.
The issue is whether the trial court erred in denying appellant’s motion to vacate the default in that excusable neglect accompanied good faith negotiation with plaintiff’s counsel for settlement of the claim and the adjuster thought an extension was still in effect. We conclude that it did.
A party or its legal representative may be relieved from a default judgment for mistake, inadvertence, surprise or excusable neglect. See Fla.R.Civ.P. 1.540(b). This rule is founded on the fact default is intended not to furnish plaintiff an easy advantage for defeating a defense, but as a means of preventing the defendant’s procrastination from stalling plaintiff’s action. See Willyerd v. Anderson, 312 So.2d 504 (Fla. 4th DCA 1975).
In the instant case the insurance adjuster has sworn she negligently or inadvertently failed to supply defendant’s counsel with the case file, and counsel states he was entirely unaware of the action until he received the file. In numerous cases default judgments have been set aside where, for example, the lawyer’s secretary neglected to calendar the due date of a pleading, or was new at the job and did not understand the office tickler system. There are, of course, also cases in which default for failure timely to respond has stood up on appeal. In the latter cases there usually has been an unconvincing or absence of showing of neglect or inadvertence, an evident dragging of feet before the default, or a lengthy reverie even after the default.
Appellant analogizes here to the case of North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). There, the summons and complaint were served on the hospital and inadvertently misplaced until after the default was entered. The Supreme Court, in setting aside the default, cited the venerable case of Water son v. Seat, 10 Fla. 326 (1863), wherein our highest court said that opening a default depends on all the facts and circumstances in the case, and that it will not be opened if the party was grossly negligent. 143 So.2d at 853.
In the instant case the lawyers had no knowledge of the action; and the adjuster had obtained at least two extensions for answering from plaintiff’s counsel — supported by the latter’s own writings — while *1183 good faith settlement negotiations were taking place. It is true the adjuster was given to understand the extensions were over some twenty-one days before the default motion was filed, but she either misapprehended the plaintiffs message or inadvertently failed to get the file to the defendant’s attorney. If we eliminate that portion of the delay which took place with the approval of plaintiff’s counsel while negotiations proceeded, the amount of time in excess of that provided for in the rule is not great, and seems attributable to inadvertence or excusable neglect on the adjuster’s part. She cannot be said to have been grossly negligent.
The judicial system appropriately favors judgment on the merits over default judgments. In this instance the trial court erred in refusing to vacate the default so that the matter could be pled by the defendant.
Reversed and remanded for further proceedings.
HERSEY, J., concurs.
ANSTEAD, C.J., dissents with opinion.