MOE, LEROY H., Associate Judge,
dissenting.
This is a commercial litigation case in which the Plaintiff, B/K Properties, a real estate agency, sued Better Homes and Gardens, its franchisor, for breach of the franchise agreement. The breach involved a provision giving B/K Properties the exclusive right to expand its franchise operation into the south Palm Beach County area. Better Homes and Gardens counterclaimed for trademark infringement, claiming that B/K Properties continued to use the Better Homes and Gardens’ logo after its franchise rights expired.
The case proceeded to trial and the jury awarded $1,117,560 to B/K Properties on its claim for breach of contract. The court then added prejudgment interest in the amount of $497,084.84, resulting in a total award to B/K Properties of $1,614,644.80. The jury also awarded Better Homes and Gardens $168,-000 on its counterclaim for trademark infringement. B/K properties admits that its award of prejudgment interest should be reduced by $34,029.15. The majority opinion remands this case to the trial court to enter a final judgment reflecting this correction.
On post-trial motions the trial court upheld the $1,614,644.80 judgment for B/K Properties. The trial court also granted Better Homes and Gardens’ motion for additur to its counterclaim verdict for trademark infringement. In granting that motion, the trial court increased the jury’s award to Better Homes and Gardens from $168,000 to $593,-370, then trebled that figure, resulting in an award to Better Homes and Gardens of $1,780,110. The trial court offset one award against the other and entered a final judgment in favor of Better Homes and Gardens in the amount of $64,465.16. Both parties admit this calculation is also wrong, and the majority opinion remands the case to correct this mistake.
B/K Properties appealed the trial court’s Order on Post Trial Motions and Amended Final Judgment, claiming it was erroneous in both fact and law, not supported by the evidence, and not based on competent findings of fact or valid legal reasons. The majority opinion of this Court affirmed the lower court, except to remand for the reasons stated above.
I respectfully disagree with the trial court’s post trial rulings and the majority *29 opinion of this Court for the following reasons.
First, when considering a post-trial motion for judgment notwithstanding the verdict, both the trial court and this Court must consider the evidence in a light most favorable to supporting the jury’s verdict. Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891, 893 (Fla. 4th DCA 1985), rev. denied, 482 So.2d 350 (Fla.1986); McCray v. Allstate Ins. Co., 374 So.2d 1077 (Fla. 1st DCA 1979). The trial court’s additur to the jury’s award from $168,000 to $593,370 was based on a finding that “[t]he only evidence the jury could have considered [on the issue of damages] was [B/K Properties’] sales of $593,-370.00 and under the provisions of 15 USC section 1117(a), ... [Better Homes and Gardens is] entitled to have those damages awarded.”
However, the trial court’s finding was based on an incorrect interpretation of the law. The record in this case clearly shows that the jury could have and did properly consider other evidence on the issue of damages. The remedy provisions of the state and federal trademark infringement statutes expressly incorporate the principles of equity. See 15 U.S.C. § 1117(a); § 495.141, Fla. Stat. The federal statute states that damages awarded for trademark infringement “are subject to the general principles of equity.” A long line of cases construing the federal statute has held that a trademark owner is not, as a matter of right, entitled to recover the infringer’s profits. Burger King Corp. v. Mason, 710 F.2d 1480, 1495 (11th Cir.1983) (Held: All monetary awards under this section are subject to the principles of equity.), cert. denied, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984); Borg-Warner Corp. v. York-Shipley, Inc., 293 F.2d 88 (7th Cir.), cert. denied, 368 U.S. 939, 82 S.Ct. 381, 7 L.Ed.2d 338 (1961); Williamson-Dickie Mfg. Co. v. Davis Mfg. Co., 251 F.2d 924 (3d Cir.1958); Faberge, Inc. v. Saxony Prod., Inc., 605 F.2d 426 (9th Cir.1979); Grotrian, Helfferich, Schulz, Etc. v. Steinway & Sons, 523 F.2d 1331 (2d Cir.1975). Further, the record reflects that the jury verdict of $168,-000 was supported by competent legal evidence. Accordingly, the trial court’s order of additur. was improper as a matter of law and fact.
Second, in its Order on Post-Trial Motions and Amended Final Judgment, the trial court did not offer B/K Properties the option of accepting the additur or having a new trial on the issue of damages. This, too, is an error of law. When granting an additur the court must also offer the aggrieved party an option of a new trial on the issue of damages. See City of Jacksonville v. Baker, 456 So.2d 1274 (Fla. 1st DCA 1984), pet. for review denied, 464 So.2d 554 (Fla.1985); Burleson v. Stark, 357 So.2d 1038 (Fla. 4th DCA 1978). See also § 768.74(4), Fla.Stat. (1987).
The trial court also found that Better Homes and Gardens was entitled to treble damages because B/K Properties’ actions were “egregious” and its excuses were at best “frivolous.” It is submitted that these “findings” are merely conclusions of law, not findings of fact. More importantly, these “findings” are not valid legal reasons supporting the trial court’s action. Both the state and federal statutes state that “the court may enter judgment, ... for any sum above the amount found as actual damages, not exceeding three times such amount.” (emphasis added) Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484, 1487 (11th Cir.1984); Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc., 874 F.2d 431, 436 (7th Cir.1989). The trial court improperly trebled what it found to be B/K Properties’ sales, and not what the court or the jury found to be Better Homes and Gardens’ actual damages. The final trebled figure is not supported by the facts, or authorized by the statutes. It was therefore an abuse of discretion.
Finally, both statutes state that if “the court shall find that the amount of recovery based on profits is ... inadequate ... the court may in its discretion enter judgment for such sum as the court shall find to be just....” (emphasis added) However, the trial court did not make a finding in its order that the jury’s award of $168,000 was “inadequate,” or that either the additur figure of $593,370 or the trebled figure of $1,780,110 was “just.” The trial court did not even indicate reasons as to why the jury’s award *30 was “inadequate” or any other figure was “just.” Again, the trial court’s unsupported “findings” that B/K Properties’ actions were “egregious” and its excuses were at best “frivolous” are not valid legal reasons to overturn the jury’s verdict. There are no factual findings of any kind supporting the trial court’s order. This deprives both parties of any meaningful review of the correctness of the order.
This was a hard fought, but orderly and fair trial. Both sides were well represented. The jury got a full and fair picture of the circumstances in this case. The jury was properly instructed on the law. Its verdict is supported by the evidence and the law. To substitute the court’s view of the evidence for the jury’s findings runs afoul of the heart of our jury trial system.
For these reasons, I would remand the case with instructions to reinstate the substance of the jury verdict, or in the least, give B/K Properties the option of accepting the additur or having a new trial on the issue of damages.