813 So.2d 278 (2002)
Earnest STANBERRY, Jr., Appellant/Cross-Appellee,
v.
ESCAMBIA COUNTY, Florida, a Political Subdivision of the State of Florida, Appellee/Cross-Appellant.
No. 1D01-2385.
District Court of Appeal of Florida, First District.
April 16, 2002.
Lisa S. Minshew, Pensacola, for Appellant/Cross-Appellee.
Louis K. Rosenbloum, Esquire of Louis K. Rosenbloum, P.A., Pensacola and David G. Tucker, County Attorney and Alison A. Perdue, Assistant County Attorney, Pensacola, for Appellee/Cross-Appellant.
*279 BENTON, J.
We are asked to reverse an order the trial court entered on various post-trial motions, which reads as follows:
This Court concludes that with regard to the jury's award, it is not supported totally by the evidence, that it is excessive and shocks the conscience of the Court; therefore remittitur should be granted....
Accordingly, it is
ORDERED that:
1. Defendant's Renewed Motion for Directed Verdict and Motion for Partial Summary Judgment be and the same are hereby denied.
2. Defendant's Alternative Motion for New Trial be and the same is hereby denied.
3. Defendant's Motion for Remittitur be and the same is hereby granted to the extent the original total award of $600,000 is reduced to the total sum of $260,000, i.e., $225,000 for the cost of repair or replacement of the damaged property, $25,000 for annoyance, discomfort, inconvenience or sickness, and $10,000 for deprivation and loss of use of property.
4. Plaintiff's Motion for Permanent Injunction be and the same is hereby denied.
. . . .
DONE AND ORDERED at Pensacola, Escambia County, Florida, this 10th day of May, 2001.
Except as to denial of the motion for permanent injunction, we lack jurisdiction to review this non-final order.
We affirm the denial of injunctive relief, dismiss the appeal otherwise, and dismiss the cross-appeal in its entirety. See Fla. R.App. P. 9.110(m) ("If a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature."). Only paragraph four set out above is subject to review at this point in the proceedings.
Invoking nuisance, trespass and negligence theories, Ernest Stanberry's complaint alleged, and the jury found, that Escambia County was responsible for his house's flooding, when heavy rainfall caused a retention pond nearby to overflow. After the jury returned a verdict of $600,000 in his favor, he sought a permanent injunction requiring the County to take certain steps to prevent a recurrence, which the trial court declined to grant. No judgment was ever entered. We have jurisdiction to review the order denying the motion for permanent injunction because "the district courts of appeal [have jurisdiction] of non-final orders ... that... grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions." Fla. R.App. P. 9.130(a)(3)(B).
Jurisdiction to review the order insofar as it denies the motion for permanent injunction does not, however, confer jurisdiction to review the propriety of the remittitur, which Mr. Stanberry also seeks to challenge on appeal; or the correctness of various rulings at and after trial, which the County contends on cross-appeal were erroneous. See First Union Nat'l Bank v. Peoples Nat'l Bank of Commerce, 644 So.2d 538, 539 (Fla. 3d DCA 1994); Chicago Title Ins. Agency v. Chicago Title Ins. Co., 560 So.2d 296, 297 (Fla. 2d DCA 1990); Perimeter Invs. v. Amerifirst Dev. Co., 423 So.2d 586, 587 (Fla. 1st DCA 1982); see also State, Dep't of Highway Safety & Motor Vehicles v. Sarnoff, 776 So.2d 976, 982 (Fla. 1st DCA 2000) (Benton, J., dissenting). Jurisdiction to review a non-final order denying an injunction does not confer plenary appellate jurisdiction authorizing review of the other matters the non-final order addresses.
*280 That the order under review is not a final order within the meaning of Florida Rule of Appellate Procedure 9.030(b)(1)(A) as contemplated by Florida Rule of Appellate Procedure 9.110(a)(1) is clear. See, e.g., Monticello Ins. Co. v. Thompson, 743 So.2d 1215, 1215-16 (Fla. 1st DCA 1999) (holding that even an order that "establishes entitlement to a judgment [is not final unless it] ... actually enter[s] or render[s] a judgment ... or include[s] specific `language of finality' necessary for a judgment ... to be considered `final' for purposes of an appeal.").
The basic rule is that an order is final only if it brings all judicial labor in the lower tribunal to a close. See GEICO Fin. Servs. v. Kramer, 575 So.2d 1345, 1346 (Fla. 4th DCA 1991); Pruitt v. Brock, 437 So.2d 768, 772 (Fla. 1st DCA 1983). See also Hill v. Div. of Ret., 687 So.2d 1376, 1377 (Fla. 1st DCA 1997) ("The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order ....") (quoting Prime Orlando Props. v. Dep't of Bus. Regulation, 502 So.2d 456, 459 (Fla. 1st DCA 1986)).
The fact that the trial court granted remittitur without providing the plaintiff the opportunity for a new trial, in violation of section 768.74(4), Florida Statutes (2001), does not make the order under review final. Cf. Concept, L.C. v. Gesten, 662 So.2d 970, 974 (Fla. 4th DCA 1995); Regency Lake Apartments Assocs. v. French, 590 So.2d 970, 975 (Fla. 1st DCA 1991); Lewis v. Evans, 406 So.2d 489, 491 (Fla. 2d DCA 1981); Burleson v. Stark, 357 So.2d 1038, 1039 (Fla. 4th DCA 1978); Ellis v. Golconda Corp., 352 So.2d 1221, 1227 (Fla. 1st DCA 1977); Dura Corp. v. Wallace, 297 So.2d 619, 621 (Fla. 3d DCA 1974). The order under review grants remittitur (and denies various other post-trial motions) without entering final judgment.
Nor is the order under review an order granting a new trial. Orders granting new trials, while non-final, are exceptions to the general rule that no appeal lies from a non-final order. See Fla. R.App. P. 9.110(a)(4). But the order under review here did not grant, even conditionally, a new trial on damages in the event Mr. Stanberry rejected the remittitur. See, e.g., Rety v. Green, 595 So.2d 1036, 1037 (Fla. 3d DCA 1992); Hawk v. Seaboard Sys. R.R., 547 So.2d 669, 671 (Fla. 2d DCA 1989); Bernhardt v. Jacksonville Med. Ctr., 543 So.2d 833, 834 (Fla. 1st DCA 1989); see also Smith v. Telophase Nat'l Cremation Soc'y, 471 So.2d 163, 166-67 (Fla. 2d DCA 1985). When an order granting remittitur or, in the alternative, a new trial is entered, subsequent rejection of remittitur can transform the order into an order granting a new trial, which may be appealed. See Kovacs v. Venetian Sedan Serv., 108 So.2d 611, 612 (Fla. 3d DCA 1959). In the present case, however, the order under review unequivocally and unconditionally denied Escambia County's motion for new trial.
On the merits, we affirm the trial court's decision not to grant a permanent injunction in the circumstances of the present case. Mr. Stanberry's neighbors' competing interests with regard to drainage flows make it far from clear that the public interest was not well served by denial of the injunction the trial court was asked to enter. See Bronson v. Bd. of Pub. Instruction, 108 Fla. 1, 145 So. 833, 836 (1933) ("This court is committed to the doctrine that extraordinary relief will not be granted in cases where it plainly appears that, although the complaining party may be ordinarily entitled to it, the granting of such relief in the particular case will result in confusion and disorder, and will produce an injury to the public which out-weighs *281 the individual right of the complainant to have the relief he seeks."); Fla. Land Co. v. Orange County, 418 So.2d 370, 372 (Fla. 5th DCA 1982); Fredericks v. Blake, 382 So.2d 368, 371 (Fla. 3d DCA 1980).
The apparent adequacy of remedies at law which Mr. Stanberry has thus far successfully pursued weighs, moreover, against resort to injunctive remedies. See, e.g., Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881, 885 (Fla. 1972); Glades Owners Ass'n v. Prentiss, 768 So.2d 1245, 1245 (Fla. 1st DCA 2000); Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000); In re Estate of Yerex, 651 So.2d 220, 222 (Fla. 4th DCA 1995); B.G.H. Ins. Syndicate v. Presidential Fire & Cas. Co., 549 So.2d 197, 198 (Fla. 3d DCA 1989). Separation of powers considerations also figure in. See Dep't of Children and Family Servs. v. I.C., 742 So.2d 401, 405 (Fla. 4th DCA 1999) (holding circuit court's injunction interfered with "the general operations of the agency"); St. Lucie County v. Town of St. Lucie Vill., 603 So.2d 1289, 1292 (Fla. 4th DCA 1992) (overturning injunction against expansion of county airport circuit court had entered on nuisance theory).
The order is affirmed insofar as it denies the motion for permanent injunction. The appeal is dismissed otherwise and the entire cross-appeal is dismissed, "without prejudice, of course, to the right ... to file a timely notice of appeal after a final order [or an order granting a new trial] has been rendered by the trial court." Benton v. Moore, 655 So.2d 1272, 1273 (Fla. 1st DCA 1995).
ALLEN, C.J., and PADOVANO, J., concur.