791 So.2d 1160 (2001)
CITY OF RIVIERA BEACH and Gallagher Bassett Service, Inc., Appellants,
v.
Albert NAPIER, Appellee.
No. 1D00-290.
District Court of Appeal of Florida, First District.
July 13, 2001.
Rehearing Denied August 27, 2001.
Jeffrey Marks of Keith Pallo & Associates, P.A., Palm Beach Gardens and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellants.
Mark S. Kluger and Randy D. Ellison of Rosenthal & Weissman, P.A., West Palm Beach, for Appellee.
KAHN, J.
May the Judge of Compensation Claims (JCC) disallow the testimony of a physician who, after being hired by the employer and carrier (E/C) to perform an independent medical evaluation or examination (IME), charges and collects an amount in excess of the maximum allowed by law for IMEs in workers' compensation cases? Here, the JCC did just that. We hold the JCC had jurisdiction to make this determination and that the JCC reached the correct result.
Dr. Leighton, a doctor chosen by appellants to perform an IME in conjunction with appellee's workers' compensation claim, charged, and appellants paid, almost double the amount allowed by law for an *1161 IME. The Division of Workers' Compensation has adopted, in Rule 38F-7.020, Florida Administrative Code, the limits set forth in the 1997 edition of the Florida Workers' Compensation Health Care Provider Fee for Service Reimbursement Manual (Manual). The Manual states that the maximum fee to be paid for an IME is $200 per hour for a maximum of two hours, for a total maximum payment of $400. The E/C agree that this is the upward limit of the fee that can be charged for an IME. In this case, Dr. Leighton charged, and the E/C paid, $700 for the IME, while the fee for Claimant's IME physician was well within the statutory limit. Claimant moved to strike Dr. Leighton as the E/C's IME physician due to the overpayment. In a lengthy order, the JCC struck Dr. Leighton and allowed the E/C to choose an alternate IME physician.
The E/C first argue that the JCC did not have jurisdiction to strike Dr. Leighton because a fee dispute is properly settled in a utilization review proceeding before the Division of Workers' Compensation. The E/C, however, fail to recognize that the present dispute is not one concerning a fee dispute between an authorized medical provider and a workers' compensation carrier. Cf. Terners of Miami Corp. v. Freshwater, 599 So.2d 674, 675 (Fla. 1st DCA 1992) (en banc) (holding that section 440.13(2)(i)1., Florida Statutes (Supp.1990), divested the JCC of jurisdiction to hear disputes between a health care provider and the E/C as to the amount the health care provider is to be paid). Instead, the issue presented to the JCC was whether Dr. Leighton could testify as an IME under section 440.13(5)(e), Florida Statutes (1997). Because, under that statute, Dr. Leighton's opinion testimony would be admissible only if he were an independent medical examiner, the JCC properly entertained the claimant's motion. See Fla.R.Work.Comp.P. 4.120(a)("Whenever a question of the admissibility of evidence is presented for consideration of the judge of compensation claims, the judge shall promptly rule on it.")(1999 edition). In this case, the JCC simply made a determination as to the admissibility of evidence. The JCC has jurisdiction to determine the admissibility of evidence, a function properly within his authority.
The JCC also reached the right result in this case. Section 440.13(5)(e) limits the medical testimony that is admissible before the JCC to the opinions of expert medical advisors, independent medical examiners, and authorized treating providers. See Gallagher Bassett v. Laber, 722 So.2d 834, 834 (Fla. 1st DCA 1998)("Section 440.13(5)(5)(e), Florida Statutes, limits medical opinion testimony in workers' compensation cases to the opinion of a medical advisor, an independent medical examiner, or an authorized treating provider."); Lakeland Reg'l Med. Ctr. v. Murphy, 695 So.2d 895, 897 (Fla. 1st DCA 1997) ("Because [the doctors] did not fall into any of the categories under section 440.13(5)(e), the JCC erred in admitting their medical opinions.") Dr. Leighton's action in charging in excess of the allowable amount, and the E/C's action in acquiescing to and paying that charge, took Dr. Leighton out of the statutory category of independent medical examiner. Under the limiting provisions of section 440.13(5)(e), the JCC properly excluded Dr. Leighton's testimony as an inadmissible medical opinion.
AFFIRMED.
ERVIN and POLSTON, JJ., concur.