VAN NORTWICK, J.
In this workers’ compensation appeal, Michael Thompson, the claimant below, appeals a final order of the Judge of Compensation Claims (JCC) dismissing his petition for benefits with prejudice. The order was entered after the claimant declined to pay an additional sum requested by the physician chosen by the employer/carrier, Awnclean USA, Inc. and Hartford Insurance Group, appellees, to perform an independent medical examination (IME). The sum represented an additional fee the physician required before he would perform the IME in the presence of a court reporter accompanying the claimant. We reverse.
Claimant timely filed petitions for benefits. The employer/carrier contested com-pensability and scheduled an IME with a physician of their choice at a fee of $400. Claimant appeared for that appointment with a court reporter. The doctor refused to conduct the IME unless he was paid $1,000.[1] Claimant alleged that he could not afford to pay and would not agree to pay the increased IME fee, and the IME was not conducted.
Thereafter, the employer/carrier filed a motion to compel attendance at the IME and for sanctions. At the hearing on this motion, the employer/carrier agreed that they would pay the increased charge requested by the IME physician, if the claimant would waive any objection he might have to the admissibility of the doctor’s report or testimony. The claimant refused the proposal, contending that such an agreement would be a violation of law. Claimant argued that the employer/carrier should find another IME physician who would perform the IME for the allowed fee of $400 with a court reporter present and that charging 250% of the maximum fee for the IME to have a court reporter present was unreasonable.
It is clear from the record that the JCC was concerned that claimant’s insistence upon a court reporter at the IME could result in “gamesmanship.” The JCC, however, did not find that the claimant sought to have a court reporter present for an improper purpose. The JCC *1131 entered a written order which provided, in pertinent part, as follows:
8. The difficulty that parties in this local area are experiencing in locating qualified medical professionals to conduct IMEs for $400.00 is a matter of common knowledge of which this court takes notice. It is found that once an IME has been contracted for that is within the fee allowed ($400 for an IME) additional costs engendered by requests such have been demanded by the claimant herein are costs of litigation and should be borne by the requesting party and should not be considered a part of the underlying evaluation as they represent costs relative to time, space, and accommodation rather tha[n] the actual medical evaluation.
The employer/carrier rescheduled the IME. Claimant advised that he intended to have a court reporter present and that the claimant was unable to pay the IME physician the additional amount requested. Thereafter, the employer/carrier filed a motion seeking to dismiss the petition as a sanction. The trial court granted the motion with prejudice. This appeal ensued.
As a general rule, a workers’ compensation claimant has the right to have a court reporter present at his IME examination. See U.S. Security Insurance Company v. Cimino, 754 So.2d 697 (Fla.2000); McClennan v. American Building Maintenance, 648 So.2d 1214 (Fla. 1st DCA 1995); Broyles v. Reilly, 695 So.2d 832 (Fla. 2d DCA 1997); and Collins v. Skinner, 576 So.2d 1377 (Fla. 2d DCA 1991). In the event a party opposes the attendance of a court reporter, the party opposing attendance has the burden of proof to show why the examinee should not be entitled to the presence of a court reporter. Broyles, 695 So.2d at 833. As the Broyles court explained, the doctor must first provide a case specific justification in an affidavit to support a claim that the presence of the court reporter at the examination will be disruptive. Once that burden has-been met, the objecting party must establish in -an evidentiary hearing that no other qualified physician can be located in the area who would be willing to perform the examination with a court reporter present. Id. at 834. Below, the employer/carrier did not submit proof that the court reporter’s presence at the examination would be disruptive and should not be allowed. See Wilkins v. Palumbo, 617 So.2d 850, 853 (Fla. 2d DCA 1993).
Further, an IME physician who charges a fee in excess of the maximum allowable fee under rules adopted by the Division of Workers’ Compensation pursuant to legislative .directive is prohibited from testifying in a workers’ compensation hearing. See City of Riviera Beach v. Napier, 791 So.2d 1160, 1161 (Fla. 1st DCA 2001). In affirming the JCC’s order ruling inadmissible the opinion testimony of an IME physician who had charged a fee that exceeded the allowable amount, the Napier panel explained:
The Division of Workers’ Compensation has adopted, in Rule 38F-7.020, Florida Administrative Code, the limits set forth in the 1997 edition of the Florida Workers’ Compensation Health Care Provider Fee for Service Reimbursement Manual (Manual). The Manual states that the maximum fee to be paid for an IME is $200 per hour for a maximum of two hours, for a total maximum payment of $400_In this case, [the IME physician] charged, and the E/C paid, $700 for the IME....
[[Image here]]
Section 440.13(5)(e) limits the medical testimony that is admissible before the JCC to the opinions of expert medical advisors, independent medical examiners, and authorized treating providers.... [The IME physician’s] action in *1132 charging in excess of the allowable amount, and the E/C’s action in acquiescing to and paying that charge, took [the IME physician] out of the statutory category of independent medical examiner. Under the limiting provisions of section 440.13(5)(e), the JCC properly excluded [the IME physician’s] testimony as an inadmissible medical opinion, (citations omitted).
Below, the employer/carrier produced no evidence that they could not obtain a doctor to perform an IME within the $400 limit established by the legislature. Thus, they do not have a claim that enforcing the legislative directive would deprive them of their constitutional right to a presentation of their case. See Alpizar v. Star Styled Dancing Co., 808 So.2d 286 (Fla. 1st DCA 2002).
Finally, this record contains no support for the $1,000 charge proposed by the doctor to accommodate the presence of a court reporter at the examination. No evidence demonstrates that the additional charge requested by the doctor was reasonable and necessary. Without the benefit of this evidence, the JCC presented the claimant with a Hobson’s choice of either giving up his right to a court reporter, or agreeing that the employer/carrier could pay the doctor a fee in violation of the law, or paying the additional fee himself as a cost of litigation. Declining to countenance a violation of law, claimant was forced into the untenable position of being required to pay a sum which he represented he could not pay.
The JCC’s order that this cost must be borne by the claimant has no support in the law. As counsel for the claimant argued, there is no statutory support for the JCC to award costs against the claimant, except those costs incurred if the claimant fails to appear for the IME without good cause and fails to advise the physician at least 24 hours before the examination that he cannot appear. See § 440.13(5)(d), Fla. Stat.; compare § 440.34(3), Fla. Stat. (permitting the JCC to tax the reasonable cost of a workers’ compensation proceeding against the employer, except for attorney fees, if the claimant prevails). Further, while the JCC possesses the authority to impose a sanction in appropriate circumstances, see section 440.33, Florida Statutes (1995), Hanna v. Industrial Labor Service, Inc., 636 So.2d 773, 776 (Fla. 1st DCA 1994), the record before us does not contain any competent substantial evidence to support a sanction, especially a sanction as severe as dismissal. See Martinez v. Collier County Public Schools, 804 So.2d 559, 560 (Fla. 1st DCA 2002).
Because the JCC abused his discretion in entering the discovery order which culminated in the dismissal of this proceeding, we reverse and remand for further proceedings consistent with this opinion.
KAHN AND BROWNING, JJ., CONCUR.

. It is not clear from the record whether the doctor sought $1,000 in addition to the agreed upon fee of $400 or whether the doctor sought a total fee of $1,000. Whether the additional amount requested was $600 or $1,000 is immaterial to the legal analysis employed here.