BROWNING, J.
Appellant seeks reversal of an order denying her workers’ compensation claim for *1258 a heated home pool because the judge of compensation claims (JCC) relied in part on the testimony of an independent medical examiner who was paid more than permitted by section 440.13(14)(b), Florida Statutes (1999). Because the independent medical examiner is disqualified from testifying in this case, we reverse.
Dr. Davidson performed an independent medical examination (IME) for $750 in 1999. Because section 440.13(14)(b) limits IME fees to $400, the carrier moved for a second IME. The JCC ruled that Dr. Davidson could perform the second IME, and he did so on December 4, 2001, charging $937. At his December 7, 2001, deposition, Dr. Davidson was told that opinions from the first IME were inadmissible, and was told to limit his opinion to his second IME. This deposition was considered by the JCC at the final hearing; a prior deposition from Dr. Davidson was excluded. Accordingly, the JCC reversibly erred.
Appellees argue for affirmance that section 440.13(14)(b) was amended on July 1, 2002, to exclude an IME from the $400 limit and that such amendment should be applied here. See Ch.2002-236, § 9, at 14, Laws of Fla. We disagree. Such amendment does not apply to IMEs taken before its effective date, although it applies to all IMEs taken after that date, including those taken in cases where the injury occurred before that date. Cf. Paulk v. Sch. Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993) (in considering the limit imposed on witness fees in section 440.13(2)(k), holding that “where the claimant’s entitlement to a service is not diminished, a limitation on the amount paid for the service does not impact a substantive right and may apply to services rendered after the effective date of the statutory limitation”). Accordingly, the amendment does not apply to either IME conducted by Dr. Davidson and, thus, the fee cap applied.
Because Dr. Davidson violated that statutory cap on fees, he is disqualified as an individual from testifying as an independent medical examiner at any time in Appellant’s case. See Alpizar v. Star Styled Dancing Co., 808 So.2d 286 (Fla. 1st DCA 2002); City of Riviera Beach v. Napier, 791 So.2d 1160 (Fla. 1st DCA 2001). Accordingly, Dr. Davidson remains disqualified under the statute as amended, regardless of what he charged for the second IME, or what he may charge for any future IME performed for this case. Although Appellees may now choose to pay any amount for a new IME, they have lost the opportunity to use Dr. Davidson.
For this reason, the JCC erred in relying on Dr. Davidson’s testimony to deny Appellant’s claim. Accordingly, we REVERSE the Order on the Merits, and REMAND to the JCC for reconsideration consistent with this opinion. •
BOOTH and PADOVANO, JJ., CONCUR.