926 So.2d 488 (2006)
Phillippa WAHL and Joseph Sullivan, Appellants,
v.
Jeffrey S. TAYLOR, individually and d/b/a Affordable Home Improvements and Repairs, and Home Depot USA, Inc., a corporation licensed to do business in Florida, Appellees.
No. 2D05-2483.
District Court of Appeal of Florida, Second District.
April 28, 2006.
Richard J. Dafonte and Elizabeth A. Wulff, Largo, for Appellants.
*489 Paul E. Olah, Jr., of Gurley, Dramis, Lazo, Sarasota, for Appellee Home Depot USA, Inc.
No appearance for Appellee Jeffrey S. Taylor.
KELLY, Judge.
Phillippa Wahl and Joseph Sullivan appealed an order that granted Home Depot's motion for summary judgment.[1] Because an order merely granting a motion for summary judgment is not a final order, this court, citing Better Government Association of Sarasota County v. State, 802 So.2d 414 (Fla. 2d DCA 2001), entered an order relinquishing jurisdiction to the trial court to give Wahl and Sullivan an opportunity to obtain a final order or face dismissal.[2] In response, Wahl and Sullivan obtained an order stating, "ORDERED AND ADJUDGED that the Co-Defendants' Motion for Final Summary Judgment is GRANTED in favor of the Co-Defendant HOME DEPOT USA, INC. and against the Plaintiffs PHILLIPPA WAHL and JOSEPH SULLIVAN." In Better Government, we stated that an order merely granting a motion for summary judgment is not a final order because it does not enter judgment for or against a party. Although we directed Wahl's and Sullivan's attention to Better Government in our order relinquishing jurisdiction, they still failed to obtain a final order. Accordingly, this appeal is dismissed for lack of jurisdiction.
Appeal dismissed.
CASANUEVA and VILLANTI, JJ., concur.
NOTES
[1] Jeffrey S. Taylor, individually and d/b/a Affordable Home Improvements and Repairs, is not involved in this appeal.
[2] This court's practice of relinquishing jurisdiction to enable an appellant to obtain an appealable order differs from that of the First and Fifth Districts which automatically dismiss an appeal for lack of jurisdiction if the order appealed is not final. See Arcangeli v. Albertson's, Inc., 550 So.2d 557 (Fla. 5th DCA 1989); Johnson v. First City Bank of Gainesville, 491 So.2d 1217 (Fla. 1st DCA 1986).