971 So.2d 149 (2007)
Steven J. HASLEY, Sr., Appellant,
v.
William Y. HARRELL, Milhart Contractors Corp., a Florida corporation, and Advanced Overhead Systems, Inc., a Florida corporation, Appellees.
No. 2D06-4632.
District Court of Appeal of Florida, Second District.
December 7, 2007.
Rehearing Denied January 10, 2008.
*151 Monterey Campbell, Mark N. Miller, and Kristie Hatcher-Bolin of GrayRobinson, P.A., Lakeland, for Appellant.
Bernard H. Gentry of Clark, Campbell & Mawhinney, P.A., Lakeland, for Appellees.
NORTHCUTT, Chief Judge.
Steven J. Hasley challenges a partial final judgment that enjoins him from competing with his former employers, William Harrell, Milhart Contractors, and Advanced Overhead Systems (collectively the "Employers"). We affirm the court's determination that the Employers were entitled to an injunction. But the injunction order, as entered, is not sufficiently specific and may be overbroad. For that reason we reverse and remand for entry of a new injunction.
The Employers sued Hasley for breach of covenants not to compete contained in stockholders' agreements and employment agreements. The Employers sought both an injunction prohibiting Hasley from competing with them and damages for the breach. The parties stipulated to bifurcating the proceedings, and pursuant to that agreement, the circuit court held a trial to determine whether the noncompetition agreements were valid and enforceable and whether the restrictive covenants contained in the agreements should be enforced. After the trial, the court entered the partial final judgment that is the subject of this appeal.
This judgment resolves only part of the Employers' claims against Hasley. The court specifically retained jurisdiction to decide other pending issues, including damages, costs, interest, and attorney's fees. Because the remaining claims involve *152 the same parties and arise from the same transactions, we do not have jurisdiction to review the entire judgment. See DeMartino v. Simat, 948 So.2d 841, 843 (Fla. 2d DCA 2007) (citing S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974)). But we do have jurisdiction to review the judgment insofar as it granted an injunction. Fla. R.App. P. 9.130(a)(3)(B). Accordingly, we limit our discussion to the issues involving the injunction and dismiss the portion of this appeal that raises matters not pertaining to the injunction.
On another preliminary matter, we point out that while the partial final judgment purported to enter a "temporary" injunction, that characterization was inaccurate. A temporary, or preliminary, injunction is one entered on a nonfinal basis, to preserve the status quo or prevent ongoing harm before a full hearing in the case can be held. Ladner v. Plaza Del Prado Condo. Ass'n, 423 So.2d 927, 929 (Fla. 3d DCA 1982). Consequently, a temporary injunction is based on limited evidence developed at a preliminary stage of the case. Id. Before entering such an injunction, the court must review whether that limited evidence has established (1) the likelihood that the movant will suffer irreparable harm; (2) that the movant has no adequate legal remedy available; (3) that the movant has a substantial likelihood of prevailing on the merits; and (4) that the considerations of the public interest support the entry of an injunction. Masters Freight, Inc. v. Servco, Inc., 915 So.2d 666, 666 (Fla. 2d DCA 2005).
Hasley complains that the circuit court failed to make these necessary findings. But the injunction in this case was entered after a final hearing on that claim for relief. See Fla. R. Civ. P. 1.440. The parties had the opportunity to and did make complete evidentiary presentations on the Employers' entitlement to an injunction. The bifurcation of the Employers' claims for trial did not render the injunction merely preliminary or temporary. Rather, the pendency of the remaining interrelated claims simply made the court's order nonfinal for purposes of appeal. In every other respect the order was in the nature of a permanent injunction. Therefore, the court had no reason to assess such factors as whether the movant was likely to prevail on the merits the court heard the parties' evidence and ruled that the covenants were enforceable.
We address this point because of the rule that a true temporary injunction is not law of the case. See P.M. Realty & Invs., Inc. v. City of Tampa, 863 So.2d 1269, 1270 (Fla. 2d DCA 2004) (and cases cited therein). Underpinning this doctrine is the fact that, at the preliminary injunction stage, the parties are not required to completely prove their cases. Thus, an appellate court's ruling "on a preliminary injunction, where review is based on a record made at a less-than-full hearing," is not binding at a later trial on the merits. Ladner, 423 So.2d at 929; cf. Klak v. Eagles' Reserve Homeowners' Ass'n, 862 So.2d 947, 952 (Fla. 2d DCA 2004) (discussing the effect of a preliminary order appointing a receiver and stating that the law of the case doctrine can not be employed to give preclusive effect to a decision "based on a less-than-full hearing"); Arch Se. Commc'ns, Inc. v. Abraham Commc'ns, Inc., 702 So.2d 556, 558 (Fla. 2d DCA 1997) (holding that decision on motion to compel arbitration did not preclude further litigation). Here, as discussed, the parties had a full trial on the issue of the validity and enforceability of the restrictive covenants contained in the shareholders' and employment agreements. Thus, our rulings concerning this injunction are law of the case and are binding in any further litigation.
*153 Turning now to the merits, section 542.335, Florida Statutes (2001), entitled Valid Restraints of Trade or Commerce, governs the restrictive covenants in this case. A party seeking to enforce a covenant that restricts or prohibits competition must plead and prove the existence of a legitimate business interest. § 542.335(1)(b).
In its posttrial ruling, the circuit court made the following findings of fact:
While Hasley was employed at AOS and Milhart, it is undisputed that he became intimate with all aspects of Milhart's and AOS's businesses. Hasley admits to having access to pricing information (including profit margins and overhead), cost structure, customer contact information, and participating in compiling bids. Hasley further admitted that this included setting profit margins and overhead on specific jobs. It was also testified that Hasley had complete access to all of the information of Milhart and AOS including the financial information of the companies, the engineering drawings for Milhart and AOS, and the plans for AOS's and Milhart's future. Hasley also had continuous client contact and part of his duties was to compile bids for multiple clients.
These findings were supported by the evidence and established that the Employers were entitled to injunctive relief to protect their legitimate business interest. See § 542.335(1)(b)(2).
Nevertheless, the injunction must be reversed because its form is deficient under the governing rule and statute. Florida Rule of Civil Procedure 1.610(c) requires that every injunction "shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document." Section 542.335(1)(c) requires that the injunction be tailored to grant only the relief reasonably necessary to protect the established legitimate business interest. In this case, the partial final judgment stated that Hasley "is temporarily enjoined from competing with [the Employers] as provided in the agreements." The order that preceded the judgment described the covenant as "a restrictive covenant for two (2) years within a fifty (50) mile radius of any place of business of Milhart and AOS and a prohibition of contacting or soliciting any of Milhart's or AOS's current or potential customers." Obviously, the injunction did not comport with the procedural rule because it referred to another document to describe the acts restrained. Moreover, neither the judgment nor the referenced document specifically set forth the restraints imposed on Hasley, as required by the rule and the statute.
We reverse the injunction and remand with directions to enter a new injunction that complies with the dictates of rule 1.610(c) and section 542.335. See, e.g., Shields v. Paving Stone Co., 796 So.2d 1267, 1268-69 (Fla. 4th DCA 2001).
Dismissed in part, affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., Concur.