PER CURIAM.
 

 Harold and Martha Kirkland appeal the trial court’s order quieting title to property acquired by Seven Mile, LLC, from the Kirklands and enjoining the Kirklands from interfering with Seven Mile’s right to access and navigate from the property through a passage from Searcy Creek to the Intracoastal Waterway.
 
 [1]
 
 We affirm the portion of the order quieting title without discussion. However, we reverse and remand the order granting the permanent injunction because the trial court failed to provide sufficient reasons to support its issuance.
 

 Facts and Procedural History
 

 In 2005, the Kirklands executed a contract with Seven Mile, LLC, for the sale of 2.69 acres, identified as Parcel 1. The property, listed for sale as canal front property, abutted a junction of Searcy Creek and the Intracoastal Waterway in Gulf County, Florida. Contiguous to the canal front portion of the property were docks and a boat landing. In 2006, Seven Mile acquired an adjacent property, identified as Parcel 2, from Donald Trew, who had purchased the property in 2004 from the Kirklands. The deed for Parcel 2 described the property as running to the water’s edge.
 

 Just days after closing on the sale of Parcel 1 to Seven Mile, the Kirklands claimed ownership of the docks and boat landing located at the canal front of the property. In addition, the Kirklands asserted ownership of a strip of land along the north side of the water’s edge and the bottomland located at the junction of the mouth of Searcy Creek and the Intracoas-tal Waterway which was included in Parcel 2 and is identified in this action as Parcel 2(a), or “the thumb.” The Kirklands’ claim to the property was based upon a deed received from Harold Kirkland’s mother, who had inherited it from her father, Stetson Pridgeon, the man who allegedly dredged the bottomland in the 1940’s to create the boat landing on his property.
 

 After claiming ownership of the docks, boat landing, and bottomland, the Kirk-lands allegedly undertook actions which interfered with Seven Mile’s use of the boat landing and docks and blocked Seven Mile’s access to the Intracoastal Waterway. As a result, Seven Mile filed suit against the Kirklands to quiet title to Parcel 2(a) and sought a permanent injunction against the Kirklands to prohibit them from interfering with Seven Mile’s right to access and navigate from Searcy Creek to the Intracoastal Waterway.
 

 After a two-day trial, the court entered an order granting Seven Mile’s claim for permanent injunctive relief against the Kirklands. The order consists in its entirety of the following two paragraphs in which the court concluded without discussion that Seven Mile was entitled to access the Intracoastal Waterway from its property through the mouth of Searcy Creek:
 

 Injunctive Relief:
 
 In Count III plaintiff asserts an action for injunctive relief. Plaintiff seeks to prohibit the defendants from interfering with plaintiffs right to access and navigation of Searcy Creek to the Intracoastal Waterway. An injunction for the most part is preventive and cannot ordinarily be employed to
 
 *664
 
 correct a wrong already done or restore to a party rights of which he or she has been deprived. It is generally available to prevent threatened harm, but is not available to redress harm that has already occurred.
 

 For more than 50 years the public used the mouth of Searcy Creek to navigate between the Intracoastal Waterway and Searcy Creek unimpeded and without restriction. The Court finds that Seven Mile and the public have the right to navigate the mouth of Searcy Creek and the defendants are enjoined from any acts which interfere with those rights.
 

 Because the trial court’s order granting the permanent injunction fails to specify the reasons for entry of the injunction, we are compelled to reverse and remand to the trial court for further proceedings.
 

 Analysis
 

 Under Florida Rule of Civil Procedure 1.610(c), “[ejvery injunction shall specify the reasons for entry....” The specificity requirement of rule 1.610(c) applies to both temporary and permanent injunctions.
 
 See Premier Lab Supply, Inc. v. Chemplex Indus., Inc.,
 
 10 So.3d 202, 206-07 (Fla. 4th DCA 2009). Where a trial court fails to include specific reasons for issuing an injunction, the reviewing court must reverse.
 
 See id.
 
 (reversing a permanent injunction order and remanding for court to enter order specifying the reasons for entry, pursuant to rule 1.610(c));
 
 Hasley v. Harrell,
 
 971 So.2d 149, 152-53 (Fla. 2d DCA 2007) (reversing order of injunction because its form was deficient under rule 1.610(c)).
 

 Here, the trial court’s order granting a permanent injunction consists of a single finding, specifically that “Seven Mile and the public have the right to navigate the mouth of Searcy Creek because the public, for over 50 years, had “used the mouth of Searcy Creek to navigate between the Intracoastal Waterway and Se-arcy Creek unimpeded and without restriction.”
 
 [2]
 
 Because the trial court failed to make specific findings regarding irreparable harm and an unavailable remedy at law, the order is facially defective under Florida Rule of Civil Procedure 1.610(c).
 
 See, e.g., Hadi v. Liberty Behavioral Health Corp.,
 
 927 So.2d 34, 38 (Fla. 1st DCA 2006) (holding injunction order facially defective without factual findings to support essential elements of test for injunc-tive relief and remanding for findings in compliance with the rule);
 
 Premier Lab Supply, Inc.,
 
 10 So.3d at 206-07 (same);
 
 Cadicamo v. Alite,
 
 4 So.3d 699, 700 (Fla. 2d DCA 2009) (same);
 
 City of Homestead v. Ramirez,
 
 621 So.2d 548, 548 (Fla. 3d DCA 1993) (same). For this reason, we must reverse and remand the cause for the trial court to enter an appropriate order based on the evidence received at trial.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 WOLF, PADOVANO, and ROWE, JJ., concur.
 

 [1]
 

 . Following the initiation of this appeal by the Kirklands, PeoplesSouth Bank obtained a summary final judgment of foreclosure against Seven Mile, LLC, and thus, succeeded to Seven Mile’s interest in this case.
 

 [2]
 

 . We do not reach the question of whether this finding is supported by record evidence.