PER CURIAM.
This workers’ compensation case involves a physician’s imposition of a $1500 fee as a pre-condition to allowing the performance of an independent medical examination (IME) to be videotaped, which Claimant was unwilling to pay, resulting in cancellation of the examination. The Judge of Compensation Claims (JCC) concluded he lacked jurisdiction to determine the reasonableness of the fee, but ordered Claimant to pay half of the physician’s cancellation fee and ruled she “shall be responsible for any additional physician fees or charges resulting from the presence of her videographer” at the IME. We treat Claimant’s petition for writ of certiorari as an appeal of a nonfinal order adjudicating jurisdiction, and conclude that the JCC had jurisdiction to decide the reasonableness or appropriateness of the fee.
The essential facts in this case are undisputed. The Employer/Carrier (E/C) properly scheduled an afternoon IME for Claimant; the morning of the appointment, Claimant’s attorney for the first time told the doctor that Claimant would be accompanied by a videographer. The doctor declined to conduct the IME in the presence of a videographer without an additional advance payment of $1500. The payment not yet resolved by the time of the exam, Claimant arrived with a videog-rapher, only to be turned away by the doctor. The doctor billed the E/C a cancellation fee (“no-show fee”) of $600 for the missed exam.
Section 440.13(5)(d), Florida Statutes (2012), requires an injured employee to reimburse the E/C half of the no-show fee if the employee “fails to appear for the [IME] scheduled by the employer or carrier without good cause.” Upon the E/C’s motion to “tax costs” against Claimant, the JCC found Claimant’s announcement regarding the videographer was untimely, and accordingly, the JCC ordered Claimant to pay the E/C $300, as one half of the doctor’s no-show fee. But the JCC also found he had no jurisdiction to “address the reasonableness of the $1,500.00 charge” (and also that Claimant had no standing to challenge this charge). Nevertheless, the JCC also directed that Claimant, who at the hearing declared her intention to have a videographer present at any future IME, “shall be responsible for any additional physician fees” assessed by the *1190 E/C’s examiner because of the videogra-pher.
The reasonableness or propriety of the $1500 charge — which the physician required to be pre-paid if he was to perform the IME — underlies the determination of whether Claimant “fail[ed] to appear for the IME ... without good cause.” Thus, as a foundational matter, we must address the JCC’s declaration that he had no jurisdiction to determine the appropriateness of this charge. Consequently, we review the order as an appealable nonfinal order adjudicating jurisdiction, under Florida Rule of Appellate Procedure 9.180(b)(1)(A). Accordingly, we limit our ruling to this jurisdictional question. See Stanberry v. Escambia Cnty., 813 So.2d 278, 279 (Fla. 1st DCA 2002) (explaining review of nonfinal order is limited to only appealable portions of such order); see also Consultants & Designers v. Brown, 677 So.2d 915, 917 (Fla. 1st DCA 1996) (concluding rule permitting appeal of nonfinal order adjudicating compensability “contemplates that only the ruling on the issue of compensability may be challenged on interlocutory appeal”).
There is no question that Claimant is entitled have a videographer at the IME. See Thompson v. Awnclean USA Inc., 849 So.2d 1129 (Fla. 1st DCA 2003). And there is no dispute that Claimant is responsible for paying the charges assessed by her videographer. The dispute in this case is who is responsible for paying the additional $1500 charge assessed by the doctor simply because Claimant will have a videographer present during the IME. The JCC determined that Claimant was responsible for the additional doctor-imposed charges, but he disclaimed any jurisdiction to determine the reasonableness or appropriateness of the charge in this case. This was error.
The JCC had jurisdiction to determine whether the doctor’s requirement of a $1500 advance payment for the presence of a videographer at the IME was reasonable or appropriate under the law. If that charge was unreasonable or not allowable under the law, the JCC may well have erred in (a) concluding that Claimant “fail[ed] to appear ... without good cause” and (b) ruling that Claimant “shall be responsible for any additional physician fees or charges resulting from the presence of her videographer” at a future IME.
An IME is part of the discovery process in workers’ compensation proceedings. A physician undertaking the role as an IME is not at liberty to demand that payment be made on his or her terms, but is instead regulated by statutorily mandated reimbursement standards. See § 440.13(12)(d), Fla. Stat. (2012); see also Florida Workers’ Compensation Health Care Provider Reimbursement Manual, 2008 Edition, § VII F.2. & I.2., at 20-22 (“Reimbursement for an IME shall include the review of applicable paper and non-paper medical records; an examination of the injured employee; and a written report”; “Reimbursement for supplies and materials not incidental to a service or procedure shall be ... limited to an amount not to exceed twenty percent (20%) above the actual documented cost based on submission of documentation that substantiates the provider’s cost, including applicable manufacturer’s shipping and handling.”).* A JCC is empowered to preserve and enforce order in workers’ compensation proceedings, and may compel discovery and “do all things conformable to law” in carrying out such duties. § 440.33(1), Fla. Stat. (2012). Accordingly, the JCC may enter protective *1191 orders or other orders setting the parameters of discovery under the Workers’ Compensation Law; such duties would by all appearances, given the circumstances of this ease, require the JCC to resolve the dispute of whether the doctor’s $1500 advance-payment-only video fee was appropriate or chargeable in the first instance.
This court has concluded that a JCC is required to exclude the medical opinions of a purported IME physician who refuses to be bound by the proper legal billing process for such services under the Workers’ Compensation Law, as such physician does not qualify as an IME, see City of Riviera Beach v. Napier, 791 So.2d 1160, 1161 (Fla. 1st DCA 2001); it follows that a JCC should not require an individual to attend a physical examination to be conducted by a physician who is not qualified to serve as a witness in the case. Because the record before us contains no foundational information as to how the doctor arrived at the additional video fees, or how such services, vel non, were billed or documented, we cannot and do not reach the ultimate issue as to whether such cost is permissible or reasonable under the Workers’ Compensation Law. Further, in light of the undeveloped nature of these essential facts and the JCC’s incorrect conclusion that he had no jurisdiction to determine the propriety of the fee at issue, we cannot yet determine which party, if any, is financially responsible for the extra video fee, nor can we yet determine whether the JCC properly ordered Claimant to pay half of the no-show fee.
For the foregoing reasons, we reverse the appealed order because it improperly concludes the JCC had no jurisdiction to determine whether the doctor’s video fee at issue is permissible, and remand for additional proceedings for the JCC to determine the propriety and reasonableness of the doctor’s additional, in-advance, video fee. After determining the appropriateness of the fee, the JCC shall then determine (a) whether Claimant should be assessed half of the doctor’s no-show fee under section 440.13(5)(d), and (b) which party, if any, is responsible for payment of the doctor’s videographer fee at any future IME.
REVERSED and REMANDED for further proceedings consistent with this opinion. •
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.

 The manual is adopted by reference in Florida Administrative Code Rule 69L-7.020 and is available online at http://www.myfloridacfo. com/Division/W C/pdf/2008HCPRM.pdf.