# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-3250
Lower Tribunal No. 12-33913

_____

**City of Miami,**
Appellant,

vs.

**JP Morgan Chase Bank National Bank, et. al.,**
Appellees.


An Appeal from a Non Final Order from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Victoria Méndez, City Attorney, and John A. Greco, Deputy City Attorney, and Jose L. Arango, and Forrest L. Andrews, Jr., Assistant City Attorneys, for appellant.

Aldridge, Connors, LLP and Nicole Vaagenes (Delray Beach); Wargo & French, LLP, and Susan Capote and Brandon S. Degel for appellee, JP Morgan Chase Bank National Bank; and Barbara Leon, Lilia Leon and Lazaro Leon, in proper persons.

Before SHEPHERD, C.J., and SALTER and FERNANDEZ, JJ.

FERNANDEZ, J.

The City of Miami appeals the trial court's non-final order that enjoined the

City from demolishing the property located at 500 S.W. 56th Avenue, Miami-Dade

County, Florida, until the conclusion of the underlying foreclosure action. We affirm that portion of the injunction which finds that the City did not give proper notice of the proposed demolition proceeding, but reverse that portion of the injunction prohibiting the City from proceeding further until the instant foreclosure action is concluded.

The injunction order fails to specify the reasons for its entry, as Florida Rule of Civil Procedure 1.610(c) requires.[1] See Premier Lab Supply, Inc. v. Chemplex Indus., Inc., 10 So. 3d 202, 206–07 (Fla. 4th DCA 2009) (reversing a permanent injunction order and remanding the case for the trial court to enter an order specifying the reasons for entry, pursuant to rule 1.610(c)); Hasley v. Harrell, 971 So. 2d 149, 152–53 (Fla. 2d DCA 2007) (reversing an injunction order because its form was deficient, pursuant to rule 1.610(c)). Furthermore, there is no record support for the injunction that prevents the City's exercise of its right to demolish the property once the property owners have received proper notice as required by statute.

---

[1] Florida Rule of Civil Procedure 1.610(c) states:

> Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without **reference to a pleading or another document**, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

(emphasis added).

We thus remand to the trial court to strike the portion of the order that extends the injunction through the conclusion of the foreclosure action. The City may then begin the process to demolish the subject property, consistent with applicable ordinances and statutes, if it deems that action necessary.

Affirmed in part; reversed in part, and remanded with instructions.

SALTER, J., concurs.

3

SHEPHERD, C.J., concurring in part and dissenting in part.

I would simply affirm the decision of the trial court. The majority is obviously concerned that the injunction's duration – "until the instant foreclosure proceeding is concluded" – will hamstring the City's ability to demolish a nuisance property for an indeterminate period of time. However, despite being on notice at the two hearings below that the petitioners sought the stated durational relief, the City neither raised nor discussed the injunction's requested duration at either hearing. The trial court explicitly ordered the City to draft the order in which the durational period appears. The City did not seek reconsideration or rehearing of the order as drafted before initiating this appeal, the City has not raised the durational period as an issue here, and, so far as the record reveals, has not moved to dissolve that portion of the injunction after entry. The City is and was represented by able counsel. It may be that the house in this case needs to be demolished immediately. We do not know, and the property owners have yet to have their say.

Courts that decide matters not properly before them reside on a slippery slope. This may be just a small slip; however, it is a cardinal principle of judging that the first business of a court is to mind its own business. In this case, we unnecessarily and improperly place our thumb on the scale in favor of the City. As aptly stated by Chief Justice Roberts, "[i]f it is not necessary to decide more, it is necessary not

to decide more." Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 919 (2010) (Chief Justice Roberts concurring); PDK Lab. Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004) (Judge Roberts concurring in part and concurring in the judgment).