IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

AAOEP USA, INC.,

     Appellant,

v.

PEX GERMAN OE PARTS,
LLC,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0843

Opinion filed November 4, 2016.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

William L. Ketchersid and David L. Powell of Ward & Ketchersid, P.A., Destin,
for Appellant.

Philip J. Padovano and Tracy S. Carlin of Brannock & Humphries, Tampa; S.
Thomas Peavy Hoffer of Matthews & Jones, LLP, Crestview, for Appellee.

BILBREY, J.

     Appellant challenges the non-final order granting temporary injunctive relief

and determining liability in favor of Appellee, but reserving the determination of

the amounts of damages on the various causes of action alleged in the complaint

for future proceedings. Appellant filed a motion to dissolve the order prior to its notice of appeal in this case. A partial evidentiary hearing was then held on Appellant's motion to dissolve. However, the hearing was continued prior to conclusion and no order has been entered to date on the motion to dissolve.

While the portions of the order granting injunctive relief are appealable under rule 9.130(a)(3)(B), Florida Rules of Appellate Procedure, Appellant's challenge to any technical deficiencies in the order due to non-compliance with rule 1.610, Florida Rules of Civil Procedure, is moot due to Appellant's decision to move to dissolve the injunction before the trial court. State v. Beeler, 530 So. 2d 932, 934 (Fla. 1988); Gray v. Gray, 958 So. 2d 955 (Fla. 1st DCA 2007).

Additionally, our jurisdiction to review non-final orders granting injunctive relief under rule 9.130(a)(3)(B) does not extend to afford review of certain other matters the non-final order addresses. Stanberry v. Escambia Cnty., 813 So. 2d 278, 279 (Fla. 1st DCA 2002); see also Hancock v. Suwannee Cnty. Sch. Bd., 149 So. 3d 1188, 1190 (Fla. 1st DCA 2014). Accordingly, Appellant's challenges to the non-injunctive portions of the order are dismissed as non-appealable, non-final rulings. See Amendments to Florida Rules of Appellate Procedure, 780 So. 2d 834, 863 (Fla. 2000) (repealing rule 9.130(a)(3)(C)(iv) which allowed review of non-final orders determining "the issue of liability in favor of a party seeking affirmative relief."). This dismissal is without prejudice to Appellant's right to

2

challenge future appealable orders entered in this case.

Finally, with regard to the substantive challenges to the injunctive portions of the non-final order properly before us, "[a] trial court has wide discretion to grant or deny a temporary injunction, and an appellate court will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of that discretion." T.J.R. Holding Co., Inc. v. Alachua Cnty., 617 So. 2d 798, 801 (Fla. 1st DCA1993); see also Groff G.M.C. Trucks, Inc. v. Driggers, 101 So. 2d 58 (Fla. 1st DCA 1958). Here the trial court applied the proper four part standard pursuant to Thompson v. Planning Commission of City of Jacksonville, 464 So. 2d 1231 (Fla. 1st DCA 1985), and we believe that the trial judge was within his discretion in granting the injunctive relief in the order in all aspects except one. The $100.00 bond, in this case involving potentially millions of dollars, set pursuant to rule 1.610(b), Florida Rules of Civil Procedure, fails to protect the Appellant in the event it is later determined that Appellant was wrongfully enjoined. See Bellach v. Huggs of Naples, Inc., 704 So. 2d 679 (Fla. 2d DCA 1997) (holding that the setting of a nominal bond does not comply with rule 1.610(b)). While we affirm the grant of the injunctive relief, we "reverse the court's determination of a $100.00 bond and remand with instructions to hold an evidentiary hearing on the bond amount." Richard v. Behavioral Healthcare Options, Inc., 647 So. 2d 976, 979 (Fla. 2d DCA 1994).

3

DISMISSED in part, AFFIRMED in part, REVERSED and REMANDED in part.

ROBERTS, C.J., and WETHERELL J., CONCUR.