NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WOODFIELD COMMUNITY )
ASSOCIATION, INC., and ROBERT )
DRAY, )
)
      Appellants, )
)
v. )    Case No. 2D18-341
)
ALEXANDRA ORTIZ, a minor, by and )
through ROBERT ORTIZ and ELIZABETH )
ORTIZ, as Parents and Natural )
Guardian of ALEXANDRA ORTIZ and )
Individually, )
)
      Appellees. )
_____ )

Opinion filed July 13, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pinellas
County; Jack R. St. Arnold, Judge.

Anthony J. Petrillo, Michael H. Kestenbaum
and Lauren E. Wages of Luks, Santaniello,
Petrillo & Jones, Tampa, for Appellants.

C. Todd Marks, Kelly M. Albanese and
Kylie M. Caporuscio of Westchase Law,
P.A., Tampa, for Appellees.


PER CURIAM.

The Ortiz family lives in a home in Woodfield, a deed restricted community in Tarpon Springs. The Ortizes often parked vehicles in the street near their house, but the Woodfield Community Association contended that violated the parking restrictions contained in Woodfield's recorded community declaration. Eventually, the association issued the Ortizes a fine. The Ortizes then filed a lawsuit against the association.

In the first count of their complaint, the Ortizes sought a declaratory judgment to have the recorded declaration's parking restrictions deemed void and unenforceable. The Ortizes filed a motion for summary judgment on that count, which, following a hearing, the trial court granted. In its order, the court declared the fine void and enjoined the association from imposing any further fines against the Ortizes under the recorded declaration. The association now seeks review of the trial court's order.

Generally, orders that merely grant partial summary judgment, such as the one before us, are considered nonfinal, nonappealable orders. See, e.g., Gator Boring & Trenching, Inc. v. Westra Constr. Corp., 210 So. 3d 175, 180 (Fla. 2d DCA 2016) ("The trial court's orders are nonfinal and nonappealable to the extent that they grant a partial summary judgment in favor of Westra. . . ."); Wahl v. Taylor, 926 So. 2d 488, 489 (Fla. 2d DCA 2006) (observing that "an order merely granting a motion for summary judgment is not a final order because it does not enter judgment for or against a party"). However, Florida Rule of Appellate Procedure 9.130(a)(3)(B)[1] provides us jurisdiction to review the portion of the order enjoining the association from enforcing the recorded

---

[1]"Appeals to the district courts of appeal of non-final orders are limited to those that . . . (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions."

declaration.  See, e.g., Hasley v. Harrell, 971 So. 2d 149, 151-52 (Fla. 2d DCA 2007) (declining to exercise jurisdiction over partial final judgment entered in a noncompete agreement dispute, except "insofar as it granted an injunction").  That is as far as our jurisdiction extends in the appeal before us.  See Aaoep USA, Inc. v. Pex German OE Parts, LLC, 202 So. 3d 470, 471-42 (Fla. 1st DCA 2016) ("[O]ur jurisdiction to review non-final orders granting injunctive relief under rule 9.130(a)(3)(B) does not extend to afford review of certain other matters the non-final order addresses.").  Accordingly, the association's appeal, which challenges several aspects of the summary judgment ruling that do not pertain to injunctive relief, must be dismissed without prejudice to any litigant's right to challenge future appealable orders entered in this case.  See id.

With regard to the injunction the trial court fashioned in its order, we agree with the association's argument that the injunction did not comply with Florida Rule of Civil Procedure 1.610(c).  Rule 1.610(c) provides, in relevant part, that "[e]very injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties in the action."  The order before us does not include specific reasons for its entry.  See Kirkland v. PeoplesSouth Bank, 70 So. 3d 662, 664 (Fla. 1st DCA 2011) ("Where a trial court fails to include specific reasons for issuing an injunction, the reviewing court must reverse." (citing Premier Lab Supply, Inc. v. Chemplex Indus., Inc., 10 So. 3d 202, 206-07 (Fla. 4th DCA 2009); Hasley, 971 So. 2d at 152-53).  Accordingly, we must reverse and remand for the trial court to enter an order that comports with the requirements of rule 1.610(c).

Dismissed in part, reversed in part, and remanded with instructions.

KELLY, VILLANTI, and LUCAS, JJ., Concur.