NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARCO MANUEL TORRES,                )
                                    )
      Appellant,                     )
                                    )
v.                                  )    Case No. 2D17-2741
                                    )
HONORABLE LAWRENCE LEFLER,          )
                                    )
      Appellee.                      )
_____ )

Opinion filed July 13, 2018.

Appeal from the Circuit Court for
Hillsborough County; Jack Day, Associate
Judge.

Marco Manuel Torres, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robert Dietz, Senior
Assistant Attorney General, Tampa,
for Appellee.

PER CURIAM.

      Marco Manuel Torres appeals two orders entered in a lawsuit that he filed

against the Honorable Lawrence Lefler for actions taken in connection with Mr. Torres's

criminal case.  The first order dismissed his case against Judge Lefler with prejudice

based upon judicial immunity.  The second ordered Mr. Torres to show cause why the

court should not impose sanctions against him for repeatedly filing frivolous lawsuits. The show cause order provided that, in the event that legal justification was not shown, the court would enter sanctions requiring Mr. Torres to pay the filing fee for all future suits he files in Hillsborough County unless he is claiming personal, physical injury or he has obtained a written certification from a Florida attorney about the merits of his case.

The order dismissing Mr. Torres's 42 U.S.C. § 1983 action with prejudice is affirmed without further discussion. See Limehouse v. Whittemore, 773 So. 2d 86, 87 (Fla. 2d DCA 2000). The show cause order gave Mr. Torres ten days to show cause why the court should not impose sanctions. Mr. Torres appealed the order prior to the expiration of the ten-day period. Where the court merely reserves jurisdiction for the later imposition of sanctions, judicial labor has not ended and the order is not appealable. See Nathanson v. Rishyko, 140 So. 3d 1054, 1055 (Fla. 4th DCA 2014). Because this court lacks jurisdiction to review the nonfinal show cause order, it is dismissed.

Affirmed in part; dismissed in part.

NORTHCUTT, CRENSHAW, and ATKINSON, JJ., Concur.