# Third District Court of Appeal

## State of Florida

Opinion filed June 16, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

Nos. 3D21-217
Lower Tribunal Nos. 20-1895CC & 20-202 AP

————————

**1560-1568 Drexel Avenue, LLC,**
Appellant,

vs.

**Johann C. Dalton, etc.,**
Appellee.

An Appeal from a non-final order from the County Court for Miami-Dade County, Stephanie Silver, Judge.

BLU Ocean Law Group, P.A., and Nashid Sabir, for appellant.

Ratzan Weissman & Boldt, and Ryan C. Tyler (Boca Raton); Legal Services of Greater Miami, and Sean Rowley, for appellee.

Before FERNANDEZ, SCALES and HENDON, JJ.

PER CURIAM.

In this residential eviction case, 1560-1568 Drexel Ave, LLC ("Landlord"), the plaintiff below, appeals an October 4, 2020 nonfinal, temporary injunction order ("October 4 Order") that (i) enjoins Landlord from causing the interruption of the electric utility service to the unit leased to the defendant below, Johann C. Dalton ("Tenant"), and (ii) requires Landlord to restore electricity to Tenant's unit. Landlord also appeals that portion of the October 4 Order that imposes a $1,000 per day sanction (to be paid into the court registry) for each day, beyond October 4, that Landlord fails to comply with the injunction.[1]

Under Florida Rule of Appellate Procedure 9.130(a)(3)(B), we have jurisdiction to review that portion of the October 4 Order that enjoins Landlord from causing the interruption of the electric utility service to Tenant's unit and requires Landlord to restore power to the unit. See § 83.67, Fla. Stat. (2020).[2] Without further elaboration, we conclude that the trial court did not

---

[1] The October 4 Order also grants Tenant attorney's fees as a sanction but does not liquidate the amount of fees.

[2] The statute provides, in relevant part:

> (1) A landlord of any dwelling unit governed by this party shall not cause, directly or indirectly, the termination or interruption of any utility service furnished the tenant, including, but limited to, . . . electricity, . . . whether or not the utility service is under the control of, or payment is made by, the landlord.

abuse its discretion in entering the injunction and affirm the injunction portion of the October 4 Order.

We lack jurisdiction, though, to review what we characterize as the sanctions portion (imposing a $1,000 per day sanction for each day that Landlord failed to comply with the injunction) of the October 4 Order. See Saidin v. Korecki, 202 So. 3d 468, 470 (Fla. 1st DCA 2016) (dismissing appeal of non-injunctive portion of challenged nonfinal order for lack of jurisdiction). The sanctions portion of the order is not included in rule 9.130's schedule of reviewable nonfinal orders and is not final because further judicial labor is required to calculate and liquidate the amount of sanctions, if any. See Burns v. Houk, 300 So. 3d 781, 782 (Fla. 5th DCA 2020); Schweizer v. Schweizer, 281 So. 3d 531, 531 (Fla. 1st DCA 2019); Torres v. Lefler, 257 So. 3d 1095, 1096 (Fla. 2d DCA 2018); Nathanson v. Rishyko,

---

. . . .

(7) A violation of this section constitutes irreparable harm for the purposes of injunctive relief.

(8) The remedies provided by this section are not exclusive and do not preclude the tenant from pursuing any other remedy at law or equity the tenant may have. . . .

§ 83.67, Fla. Stat. (2020).

3

140 So. 3d 1054, 1055 (Fla. 4th DCA 2014). Therefore, we dismiss as premature Landlord's appeal of the sanctions portion of the October 4 Order.

Affirmed in part, dismissed in part.